PEOPLE'S BANK v. NATIONAL BANK.

A. made his promissory note to his own order, duly indorsed it to the order of B., and delivered it to a national bank. The latter negotiated it to B., and applied the proceeds thereof to the cancellation of a prior debt of A. With the knowledge and consent of the president and cashier, who were also directors, but without any notice to or authority from the board, C., one of the directors and vice-president of the bank, guaranteed, at the time of the transaction, the payment of the note at maturity by an indorsement thereon to that effect in the name and on behalf of the bank. The note was duly protested for non-payment, and the bank notified thereof. B. brought this action against the bank. *Held*, 1. That the bank was not prohibited by law from guaranteeing the payment of the note. 2. That it is to be presumed that C. had rightfully the power he assumed to exercise, and the bank is estopped to deny it. 3. That the bank by its retention and enjoyment of the proceeds of the note, rendered the act of C. as binding as if it had been expressly authorized.

ERROR to the Circuit Court of the United States for the Northern District of Illinois.

The facts are stated in the opinion of the court.

*Mr. Charles W. Thomas* for the plaintiff in error.

No counsel appeared for the defendant in error.

MR. JUSTICE SWAYNE delivered the opinion of the court.

This case was submitted to the court without the intervention of a jury. The court found the facts and gave judgment for the defendant. The plaintiff thereupon sued out this writ of error and brought the case here for review. The act of Congress regulating the procedure adopted seems to have been carefully complied with.

The People's Bank of Belleville, plaintiff, and the Manufacturers' National Bank of Chicago, defendant, in the court below, are respectively the plaintiff and the defendant in error here.

For convenience, we shall speak of them in this opinion by their former designations.

The facts lie within a narrow compass, and there is no controversy about any of them.

On the 8th of August, 1873, Henry E. Picket made his ten promissory notes of that date, each for $5,000, all payable one year from date to his own order, indorsed by him, and bearing interest at the rate of ten per cent, payable semi-annually. Eight of these notes are described in the plaintiff's declaration. Picket delivered the notes to the defendant to be negotiated to the plaintiff, pursuant to a prior agreement between him and the defendant, that the latter should so negotiate the notes and apply the proceeds to the cancellation of other indebtedness then due from him to the defendant. On the 8th of August, 1873, M. D. Buchanan, vice-president, and one of the directors of the defendant, with the knowledge and consent of the president and cashier of the defendant, who were also directors, but without any authority from the board of directors as a board, or of a majority of them individually, or any notification to the board of directors as a board, transmitted the notes to the plaintiff with a letter, in which occurs the following language: " In accordance with your telegram I herewith hand you ten notes of $5,000 each, &c. . . . We debit your account $50,000. . . . This bank hereby guarantees the payment of the principal sum and interest of said notes." This letter was written below one of defendant's letter-heads, and signed " M. D. Buchanan, vice-president." The notes were also indorsed, " Pay to the order of the People's Bank of Belleville. Henry E. Picket;" and below, " This bank hereby guarantees the payment of this note, principal and interest, at maturity. M. D. Buchanan, Vice-President Manufacturers' National Bank of Chicago." The defendant was the plaintiff's correspondent at Chicago, and the plaintiff's account with the defendant was debited with $50,000 on account of the notes. At the same time, Picket's paper in the defendant's hands was cancelled to the same amount. All the notes were protested at maturity for non-payment, and due notice was given to the defendant. Nothing has been paid on either of the notes. Besides a special count in the declaration upon the guaranty of each of

the eight notes involved in this suit, there was a common count for money had and received.

The case was submitted in this court without an oral argument. The opinion of the learned judge who decided the case in the Circuit Court is not in the record, and no brief has been submitted on behalf of the defendant. A few remarks will suffice to give our view of the law touching the rights of the parties.

The National Banking Act (Rev. Stat. 999, sect. 5136) gives to every bank created under it the right "to exercise by its board of directors, or duly authorized agents, all such incidental powers as shall be necessary to carry on the business of banking, *by discounting and negotiating promissory notes, drafts, bills of exchange, and other evidences of debt,* by receiving deposits," &c. Nothing in the act explains or qualifies the terms italicised. To hand over with an indorsement and guaranty is one of the commonest modes of transferring the securities named. Undoubtedly a bank might indorse, "waiving demand and notice," and would be bound accordingly. A guaranty is a less onerous and stringent contract than that created by such an indorsement. We see no reason to doubt that, under the circumstances of this case, it was competent for the defendant to give the guaranty here in question. It is to be presumed the vice-president had rightfully the power he assumed to exercise, and the defendant is estopped to deny it. Where one of two innocent parties must suffer by the wrongful act of a third, he who gave the power to do the wrong must bear the burden of the consequences.

The doctrine of *ultra vires* has no application in cases like this. *Merchants' Bank* v. *State Bank*, 10 Wall. 604.

All the parties engaged in the transaction and the privies were agents of the defendant. If there were any defect of authority on their part, the retention and enjoyment of the proceeds of the transaction by their principal constituted an acquiescence as effectual as would have been the most formal authorization in advance, or the most formal ratification afterwards. These facts conclude the defendant from resisting the demand of the plaintiff. Wharton, Agency, sect. 89; Bigelow, Estoppel, 423; *Railroad Company* v. *Howard*, 7 Wall.

392; *Kelsey* v. *The National Bank of Crawford County*, 69 Pa. St. 426 ; *Steamboat Company* v. *McCutchen & Collins*, 13 id. 13.

A different result would be a reproach to our jurisprudence.

Whether, if the guaranty were void, the fund received by the defendant as its consideration moving from the plaintiff could be recovered back in this action upon the common count, is a point which we do not find it necessary to consider. See *United States* v. *State Bank*, 96 U. S. 33.

· The judgment of the Circuit Court will be reversed, and the case will be remanded with directions to enter a judgment in favor of the plaintiff in error ; and it is

*So ordered.*