THE NATIONAL BANK OF GLOVERSVILLE, APPELLANT,
*v.* WILLARD R. BURR AND OTHERS, RESPONDENTS.

*National bank — its indorsement of a note for a commission — does not affect its righ*
*to collect the note after it has been compelled to pay it.*

A note made by the defendant Burr, and indorsed by the defendant Wells, was
delivered to the plaintiff, which indorsed it by its cashier, and procured it to
be discounted by an Albany bank, the proceeds, less a charge for the plain-
tiff's indorsement of it, being credited to the defendant Burr. The note not
being paid at maturity, the plaintiff paid the amount due thereon to the Albany
bank, received from it a transfer of the note, and brought this action upon it.
*Held,* that the plaintiff was the owner of the note, and entitled to maintain the
action.

Although the agreement to indorse the note for a compensation and the subse-
quent indorsement of it in pursuance thereof were unlawful acts, and in excess
of the powers of the bank, yet they did not affect its title to the note, or its
right to enforce the collection thereof.

APPEAL from a judgment in favor of the defendants, entered upon
a nonsuit directed at the circuit, and from an order denying a
motion to set aside the nonsuit and for a new trial.

*J. M. Carroll,* for the appellant.

*Dudley, Dennison & Dudley,* for the respondents.

BOARDMAN, J.:

This is an appeal from a judgment of nonsuit. The action was
brought upon a promissory note made by the defendant Burr,
indorsed by defendant Wells. When so made the note was deliv-
ered to plaintiff, which, by its cashier, indorsed it and had it dis-
counted by an Albany bank, and the proceeds were then credited
by plaintiff to defendant Burr, less a possible charge for plaintiff's
indorsement. The note not being paid when due, the plaintiff,
being such indorser as stated, paid the amount of the note to the
Albany bank, by which the note was again transferred to the plain-
tiff, and this action brought upon it by the plaintiff as the owner.
The plaintiff was nonsuited upon the ground that it had shown no
title to the note in suit. The position of the defendants' counsel

and the court being that, in the indorsement of the note by the plaintiff to the Albany bank, and in the procuring of the note by the plaintiff from the Albany bank after it was due, and by payment thereof, the plaintiff acted *ultra vires*, and could acquire no title. As the nonsuit was put upon this "naked question," to use the language of the court, the judgment must stand or fall upon the correctness of such decision, unless there be some other ground for a nonsuit which could not have been obviated. No other ground was suggested upon the trial, except as to defendant Wells, and no other valid ground for a nonsuit appears in the case.

The learned court, it is believed, erred in its decision. It is certainly hostile to the opinion of this court when this case was formerly before it. (15 Hun, 51, 57.) It is true the decision of the General Term was afterwards (79 N. Y., 498) reversed, but not upon the above question. We then held the plaintiff to be the owner of the note in suit, and that the note could be enforced by plaintiff, even if its indorsement thereon were void. But we do not think its indorsement was void as to the Albany bank. That bank was a purchaser, in good faith, for full value of the note before its maturity, and on the faith of plaintiff's indorsement. Plaintiff received the proceeds of the note from the Albany bank. Under these facts, the plaintiff was liable to the Albany bank upon the indorsement. (*People's Bank* v. *National Bank*, 101 U. S., 181.) Nor does it help the defendants, if it were a conceded fact, as it is not, that the plaintiff charged the defendants a five per cent per annum commission for its indorsement. Such an agreement was unlawful, and the indorsement in pursuance of it was *ultra vires ;* but it did not affect the title to the note in the plaintiff, nor the right of plaintiff to enforce its collection. The government granting the charter must interfere for acts of a bank in excess of its power. (*Atlantic State Bank* v. *Savery*, 82 N. Y., 291; *Gold Mining Co.* v. *National Bank*, 96 U. S., 640; *Duncomb* v. *N. Y., H. and N. R. R. Co.*, 84 N. Y., 205; *Nat. Bank* v. *Whitney*, 103 U. S., 99, and cases cited.) The laws relating to State and national banks are the same. (*Pattison* v. *Syracuse Nat. Bank*, 80 N. Y., 82; *Johnson* v. *Nat. Bank of Gloversville*, 74 id., 329, affirmed in U. S. Sup. Court Dec., 1881.)

The reasons and authorities for the position taken are well pre-

sented in the case of *National Bank* v. *Mathews* (98 U. S., 621); and the considerations there stated commend themselves to the principles of justice.

From what has been said about the alleged five per cent commission, it becomes unnecessary to consider the allowance of the amendment of the defendants' answer granted during the trial.

We conclude the judgment and order appealed from should be reversed and a new trial granted, costs to abide event.

LEARNED, P. J., and LANDON, J., concurred.

Judgment and order reversed, new trial granted, costs to abide event.