[Civ. No. 665.   Second Appellate District.—September 27, 1909.]

BARTLETT ESTATE COMPANY, a Corporation, Respondent, v. W. H. FRASER, Appellant, and M. L. WYNEKEN, Codefendant.

ACTION ON NOTE — PLEADING — CORPORATE EXISTENCE — CONJUNCTIVE DENIAL—ISSUE NOT RAISED.—When the complaint by a corporation upon a note properly alleges its organization and existence as a corporation under the laws of California, a denial in the answer for want of·information and belief, framed in the conjunctive form, that plaintiff is now *and* at all times mentioned in the complaint has been a corporation, etc., is insufficient to raise an issue.

ID.—AVERMENT OF NONPAYMENT—EVASIVE DENIAL FOR WANT OF INFORMATION AND BELIEF—POSITIVE DENIAL REQUIRED.—A denial of the averment of nonpayment of the note, for want of information and belief, is evasive, and raises no issue, being of matter presumptively within the knowledge of the defendant, which must be positively denied.

ID.—ACTION ON JOINT NOTE—IMPROPER COUNTERCLAIM BY ONE OBLIGOR. Where the action is on a note joint only in form, one of the obligors cannot set up a counterclaim against the payee or his assignee.

ID.—MATTER PROPERLY STRICKEN OUT.—The court properly struck out on motion the conjunctive and evasive denials in the answer, and the improper matter of counterclaim therein pleaded.

ID.—ASSIGNMENT OF NOTE BY BANK PAYEE—SUPPORT OF FINDING— CONSIDERATION—TRANSFER BY PRESIDENT.—An assignment of the note by the bank payee to the plaintiff is sufficiently proved where there is evidence that the bank received and retained the proceeds of a rediscount of the note, as a consideration for the transfer, and that the assignment was made in the name of the bank by its president eight months before suit was brought upon the note.

ID.—PRESUMED AUTHORITY OF PRESIDENT OF BANK.—Under the usages and customs of modern banking, the president of a bank is recognized as the executive head and most important agent in connection with banking operations; and his power is not limited to transactions expressly authorized by the board of directors.

ID.—ACQUIESCENCE AND ESTOPPEL OF BANK.—The bank by receiving and retaining the proceeds of the rediscount of the note acquiesced in the acts of its president, and was estopped to deny his authority in the premises. "He who can and does not forbid that which is done on his behalf is deemed to have bidden it," under section 3519 of the Civil Code.

ID.—PROTECTION OF DEFENDANT AGAINST ASSIGNOR.—The bank being estopped to deny the authority of its president in making the transfer of the note, the defendant appealing is fully protected from further litigation or liability in connection with any claim of the bank on the paper; and this should be the full measure of his right to enforce proof of the assignment, or to question its validity.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial. E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

Stearns & Sweet, for Appellant.

Mills & Hizar, for Respondent.

ALLEN, P. J.—Appeal by defendant Fraser from a judgment and from an order denying a new trial.

Plaintiff filed a verified complaint alleging its due organization and existence as a California corporation, setting out

*in haec verba* a non-negotiable promissory note, joint in form, payable to the People's State Bank, and signed by defendants Fraser and Wyneken, alleging that no part had been paid except interest for one year, and the assignment and transfer of the note to plaintiff. Defendant Wyneken made default. Fraser answered, averring that he had not sufficient information and belief upon the subject to enable him to answer, and upon that ground denied that plaintiff is now, and at all times mentioned in the complaint has been, a corporation, etc. Further, for want of information and belief, denied that no part of the note had been paid except the one year's interest; and, for want of information and belief, denied that no part of the note remained unpaid. By way of counterclaim, set up an account against plaintiff theretofore assigned to him, which he alleged remained unpaid, and for the amount of which he asked judgment.

The court, on motion, struck from the amended answer of defendant Fraser the portions thereof attempting to deny the corporate existence of plaintiff, and those paragraphs of the answer denying nonpayment, as well as the allegations with reference to the counterclaim, leaving in the answer only as an issue the question of the assignment and transfer of the obligation on which suit was brought.

Appellant insists that the court erred in sustaining the motion to strike out. We see no error upon the part of the court in this regard. "The rules of pleading under our system are intended to prevent evasion, and to require a denial of every specific averment in a sworn complaint, in substance and in spirit, and not merely a denial of its literal truth." (*Doll* v. *Good,* 38 Cal. 290.) The allegation of the answer with relation to the corporate existence of plaintiff, being in form conjunctive, fell short of denying each specific averment. The denials as to nonpayment upon information and belief are within the rule laid down in *Mulcahy* v. *Buckley,* 100 Cal. 487, [35 Pac. 144]: "A defendant is not at liberty to answer an allegation in this form, when he may be presumed to know or when he is aware before answering that he has the means of ascertaining whether or not such allegation is true." Applying these rules, the court properly eliminated these evasive and insufficient denials from the answer. The note set out is in form, "We promise to pay," etc. **This**

was, therefore, a joint note as distinguished from a joint and several obligation. The form of such an obligation must be enforced according to its express terms. (*Farmers' Exchange Bank* v. *Morse,* 129 Cal. 242, [66 Pac. 1088].) The obligation being by its express terms joint, section 1430, Civil Code, has no application; and being joint no counterclaim can be made available which consists of a demand in favor of one of the obligors. (*Roberts* v. *Donovan,* 70 Cal. 114, [11 Pac. 599].)

The court found in favor of plaintiff upon the issue as to the assignment and transfer of the obligation the basis of the action. Appellant contends that there is no evidence in the record to sustain this finding of the court. There is evidence that the bank to whom the note was made payable received a consideration for its transfer; that the assignment was made in the name of the bank by its president eight months before suit was brought. Under the usages and customs of modern banking the president of a bank is no longer regarded as an ornamental magnet with which to attract deposits, but, on the contrary, is now, and has been for several years, recognized as the executive head and most important agent in connection with banking operations. The reason for the rule that through banking usage the president's power was limited to transactions expressly authorized by the board of directors no longer obtains, and the rule should cease. But aside from this, the People's Bank received and retained the proceeds of a rediscount of the note set out, thereby acquiescing in the acts of its president in making the assignment and transfer from which the proceeds of the rediscount were obtained; and were it even conceded that the internal policy of a banking corporation requires the indorsements on its rediscounts to be executed by the cashier or other officer, nevertheless, by acquiescence in the acts of its president, it would be estopped to deny his authority in the premises. This principle is established by section 3519 of our Civil Code: ''He who can and does not forbid that which is done on his behalf is deemed to have bidden it.'' The bank being estopped to deny the authority of the president in making the transfer, appellant is fully protected from further litigation or liability in connection with any claim of the bank on the paper, and this should be the full measure of his right to

enforce proof of assignment, or to question its validity. In our opinion, the court was warranted in finding that the note had been assigned and that plaintiff was the owner and holder thereof.

The judgment and order are affirmed.

Shaw, J., and Taggart, J., concurred.