## No. 10,924.

McFerson, Bank Commissioner v. Kepner.

Decided February 2, 1925.

Action to enforce guaranty of bond by a trust company. Judgment for plaintiff.

### Affirmed.

1. Banks and Banking—*Trust Companies—Guaranty of Bond.* Under the provisions of section 2765, C. L. '21, a trust company has the power to guarantee payment of principal and interest, in connection with the sale of bonds.

2. *Guaranty of Bonds—Estoppel.* Where a trust company receives and retains the full benefit of a contract, such as the sale of a bond upon which it guarantees payment of principal and interest, and a failure on its part to perform would result in palpable injustice to the other party, it is estopped from escaping liability under a plea of ultra vires.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Messrs. Ponsford, Pender & Larwill, for plaintiff in error.

Messrs. McDonough & McDonough, for defendant in error.

*Department Three.*

Mr. Justice Campbell delivered the opinion of the court.

WHILE the Interstate Trust Company of Denver, a Colorado banking corporation, was a going concern H. V. Kepner purchased from it a bond, a negotiable instrument, of the par value of five hundred dollars and in connection therewith and as one of the considerations of the sale, the trust company gave to Kepner a letter of confirmation, in which it guaranteed the prompt payment of the interest coupons and the principal of the bond. Later the trust company passed into the control of Grant McFerson, state banking commissioner, who is the plaintiff in error here. After the execution of the bond, the maker became insolvent and from time to time thereafter interest thereon was paid by the trust company and its officers by virtue of the agreement of guaranty. After the trust company became insolvent and the bank commissioner took possession of its assets and affairs for purpose of liquidation, the defendant in error filed with the latter his claim against the trust company for five hundred dollars with interest, by reason of the undertaking and a breach thereof by the guarantor. The claim was disallowed and on Kepner's appeal to the district court, plaintiff in error, as state bank commissioner, was ordered to allow and pay the claim, and to this judgment the commissioner prosecutes this writ of error.

The contention of the bank commissioner is that the trust company, under the statute of this state, and as a banking corporation, had not the power to guaranty this bond. It is said that section 2765, C. L. 1921, par. 7, bearing upon the power of banks and trust companies, does not empower a banking or trust company to make a contract of guaranty because it is in effect a guaranty of the contract of a third person. The statute conferring power on banking and trust companies reads: "To purchase, invest and sell stocks, bills of exchange, notes, bonds and mortgages and other securities, and when moneys, or securities for moneys are borrowed or received on deposit or for investment, the receipts, certificates, bonds or obligations of the company may be given therefor, but nothing

herein contained shall be construed as giving the right to issue bills intended to circulate as money."

Numerous authorities are cited by plaintiff in error. They are not in point under our statute, under the facts of this case, and they do not purport to be. Some of them like those collated in 3 R. C. L. "Banks," p. 425, § 53, hold that a banking corporation can not lend its credit to another by becoming a guarantor for him, and cannot, for the accommodation of another, indorse his note or guarantee the performance of obligations in which it has no interest. In 7 C. J. "Banks and Banking," p. 595, § 239, it is said that a bank may indorse and guaranty the payment of promissory notes which it owns and which are sold or re-discounted; the reason being that in such a case a guaranty is but an ordinary incident to the transfer of such paper in due course of banking. This mode of transfer is recognized as a qualification to the general rule in prohibiting banks from lending their credit. *People's Bank v. National Bank*, 101 U. S. 181, 25 L. Ed. 907. All of the authorities cited by plaintiff in error go no further than to say that a banking corporation as such has not the implied power to guaranty notes, bonds, mortgages and other securities in which it has no interest. None of them go to the extent of holding that where a bank is the holder or owner of commercial paper like the bond in question, it cannot, in connection with the sale or pledge thereof, and as one of the considerations of the contract, become a guarantor of its payment. There is nothing in the section of our statute above which prohibits the trust company in this case from doing so. Indeed, we think the power there conferred upon banks to invest in and sell stocks and bonds and other securities includes the power, which is common in such sales, to guaranty payment in connection with the sale.

To sum up: The trust company owned a certain security, a negotiable bond, which it sold to Kepner and guaranteed its payment to him in order to induce him to buy. It had an interest certainly in what it was selling,

and in order to sell it gave its obligation to the buyer. The guaranty is good and a binding obligation which the trust company had the power to give. There is no question but that a bank may indorse and guaranty the payment of promissory notes which it owns and which it sells. That is what the trust company did when it sold this bond, a negotiable instrument, to Kepner.

In *McCormick v. Market Bank*, 165 U. S. 538, 17 Sup. Ct. 433, 41 L. Ed. 817, the Supreme Court has established the principle applicable to national banks that, even though some act of a national bank is ultra vires, nevertheless, to the extent of the benefit derived, it is liable thereon. Our own court in *Denver Fire Ins. Co. v. McClelland*, 9 Colo. 11, 9 Pac. 771, 59 Am. Rep. 134, has recognized the rule that where a corporation receives and retains the full benefit of a contract and a failure upon its part to perform would result in palpable injustice to the other party, it is estopped in escaping liability thereunder in a plea of ultra vires. The same principle was recognized in *Kipp v. Miller*, 47 Colo. 598, 608, 108 Pac. 164, 135 Am. St. Rep. 236, and *Dillon v. Myers*, 58 Colo. 492, 505, 146 Pac. 268, Ann. Cas. 1915C, 1032. This company, to induce Kepner to buy the bond in question, agreed to, and did, guaranty the payment thereof and got the full benefit thereof. Kepner would not have bought the bond without the guaranty. The trust company got Kepner's money and retains it. If the contract is ultra vires, still the bank commissioner, in the circumstances, may not interpose that defense and retain the money which the bank received as the result of that contract.

The judgment of the district court is affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.