## LUCEY MFG. CORPORATION v. MORLAN.

(Circuit Court of Appeals, Ninth Circuit. October 11, 1926.)

### No. 4783.

**1. Receivers ⟨⟩⟩209—Filing of claims by California creditors with New York receivers of debtor corporation held not to make them parties to New York proceeding.**

Filing of claims by California creditors with New York receivers of debtor corporation *held* not to make them parties to New York proceeding or bound by decrees therein, where corporation was not insolvent; receivers having been appointed to conserve assets.

**2. Corporation ⟨⟩⟩574.**

Creditors who assigned claims to debtor corporation's reorganization committee *held* authorized to withdraw such assignments when reorganization plan was abandoned.

**3. Receivers ⟨⟩⟩209.**

Injunction in foreign receivership proceeding against prosecution of attachment suits *held* ineffectual against claimants who were not parties to receivership proceedings.

**4. Assignments ⟨⟩⟩121—Banks and banking ⟨⟩⟩105(½)—Assignment by vice president and cashier for collection only of bank's claims against corporation for loans held authorized, and assignee authorized to maintain action against debtor (Code Civ. Proc. Cal. § 367).**

Where president of bank assigned bank's claims against corporation for money loaned to vice president, director and cashier, who assigned to plaintiff for collection purposes only, after conference with finance committee and board of directors, the latter assignment was within assignor's authority, and assignee could maintain action as real party in interest within Code Civ. Proc. Cal. § 367.

**5. Receivers ⟨⟩⟩209.**

As respects foreign receivers, creditor bank's agreement not to exercise banker's lien against debtor's balance under Civ. Code Cal. § 3054, *held* not to preclude attachment proceeding.

In Error to the District Court of the United States for the Southern District of California; William B. Sheppard, Judge.

Action by Malcolm F. Morlan against the Lucey Manufacturing Corporation. Judgment for plaintiff (7 F.[2d] 494), and defendant brings error. Affirmed.

This was an action at law by Morlan as assignee of Rosetti, who, in turn, was assignee of 51 merchandise creditors of the defendant below, Lucey Manufacturing Corporation, a New York corporation (to be called the Lucey Company) and the Farmers' & Merchants' National Bank of Los Angeles (to be called the bank), which holds notes of the Lucey Company for $150,000. The action was brought in the state court and removed to the federal court.

Upon filing the complaint in the state court in September, 1924, Morlan attached defendant's tangible property in California.

The answer of the Lucey Company did not deny the indebtedness for merchandise or upon the notes, but set up several defenses, in part as follows: (1) That in a suit entitled Manhattan Rubber Manufacturing Co. v. Lucey Manufacturing Corporation, filed August 17, 1923, in the United States District Court at New York, receivers were appointed for the Lucey Company and all of its property; that the receivers qualified and are in possession of defendant's assets wherever they may be situated; that in September, 1923, after the appointment of the receivers, a creditors' protective agreement was made whereby certain of the creditors whose claims are set forth in the complaint as having been assigned to Morlan had theretofore assigned such claims to the committee, and that Morlan obtained no title. (2) That some of the creditors whose claims are being prosecuted filed proofs of claim in the New York receivership in pursuance of an order of the United States District Court at New York, directing the filing of claims, and that they thereby elected to become parties to the New York proceeding and could not seek preference by attachment in California. (3) That, after the receivers were appointed in New York, it was agreed between them and the bank at Los Angeles, one of the assignors, that, if the Lucey Company would open a new account at the bank, the bank would thereafter treat such deposits as receivership funds; that therefore the bank had no right to attach. (4) That the majority of the California creditors, assignors of the plaintiff, signified their willingness to co-operate, looking toward the reorganization of the Lucey Company, and withholding hostile proceedings, provided that no action would be taken by the receivers that would be adverse to their interests, and that, relying upon such representations, no steps were taken in California to extend the receivership, wherefore the California creditors were estopped from prosecuting their claims at law by attachment.

A jury was waived, and the court found that the allegations of the complaint were true; that the receivers never were in possession or control of the assets or property of the Lucey Company in California; that, after the appointment of the receivers, the creditors' protective agreement was signed by five persons, and that it was contemplated that the holders of claims would become parties to

such agreement; that certain claimants executed a paper purporting to assign their respective claims to the creditors' committee; that the instruments so filed with the creditors' committee by certain of the assignors of plaintiff were executed and filed upon the understanding with the creditors' committee that such instruments should be ineffectual unless all claims of the California creditors were likewise filed; that the aggregate amount of the claims so filed did not exceed $5,324, whereas the total amount of the claims of the California creditors, whose claims were assigned to Morlan, plaintiff herein, amounted, without interest or attorney's fees at the institution of the action, to $214,170; that the communication from the creditors' committee in which assignments were requested to be deposited contained no plan of reorganization, and that no plan was submitted until about November 21, 1923, when a tentative plan was proposed, whereby all creditors should consent to a two-year extension to be evidenced by notes to be issued, either by the Lucey Company or by a company to be organized as might afterward be determined; that no corporation was organized in furtherance of the plan; that no notes or other evidences of debt were executed by the defendant company or by any other person or corporation; that no consideration passed to any of the creditors so assigning their claims to the reorganization committee; that no detriment was suffered by the creditors' committee; that many of the California creditors whose claims were later assigned to Morlan refused to assent to the two-year extension plan and urged such modification thereof that the plan failed of approval and was, before the present action was instituted, abandoned by the creditors' committee; that certain of plaintiff's assignors sent to the receivers verified statements of their respective claims, but that such statements were sent with the intention and upon the understanding that such claimants were preserving their rights which they then and at all times were asserting to enforce their claims against the property of the Lucey Company in California; that the bank agreed with the receivers that it would not, as to funds deposited with it subsequent to August 20, 1923, exercise its banker's lien, and that it did not exercise such lien.

Conclusions of law were that the assignments to the creditors' committee made by certain creditors whose claims were later assigned to Morlan were not absolute assignments, and did not vest any irrevocable interest in the creditors' committee; that the filing of the verified statements by the creditors with the receivers in the New York proceeding did not constitute an election to appear in such proceedings, and did not affect the right of such claimants later to assign their claims for the purpose of enforcement in this action; that plaintiff was entitled to recover, with interest and attorneys' fees. Judgment was awarded to plaintiff below.

Gibson, Dunn & Crutcher, of Los Angeles, Cal. (Godfrey Goldmark, of New York City, and Henry F. Prince, of Los Angeles, Cal., of counsel), for plaintiff in error.

Lawler & Degnan, of Los Angeles, Cal. (Oscar Lawler, James E. Degnan and Max Felix, all of Los Angeles, Cal., of counsel), for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). The principal questions are whether the findings are sustained by the evidence and whether the conclusions support the judgment.

Among the important facts, these may be mentioned. The appointment of receivers in New York was based upon a petition filed August 17, 1923, setting forth that at the time of filing the corporation was without funds sufficient to meet its then present obligations or its obligations shortly to mature, but that, if the assets could be liquidated in the usual and ordinary course of business, the assets would greatly exceed the lawful obligations; that certain creditors were pressing, and that, unless the assets were administered in a court of equity and all proceedings at law enjoined, defendants would be subjected to litigation and dissipation of its assets; that, in order that the property might be preserved, the court should intervene and appoint a receiver to take charge of the assets and to administer the same. There was no allegation of insolvency; on the contrary, the proceeding was for conservation of the assets, alleged to be sufficient to pay all creditors. On the same day the petition was filed, the corporation answered admitting the allegations of the complaint and joining in the prayer for relief. Thereupon receivers of all properties were appointed.

After the bank in Los Angeles learned of the appointment of the receivers in New York, it exercised its right of banker's lien pursuant to the Civil Code of the state of California, § 3054, and applied the balance of the funds belonging to the Lucey Company in the bank in liquidation of certain debts which the company owed the bank. Everett,

vice president and general manager of the Lucey Company in Los Angeles, notified the receivers that the bank had exercised its lien.

On the day of the institution of suit in New York, the receivers telegraphed to Rosetti that they hoped to avoid the expense of ancillary proceedings in California, and that the California creditors might co-operate. Everett informed the receivers that the local creditors were apprehensive and wished to know what assurance could be given that would justify extension of further co-operation. Rosetti, acting as spokesman for the California creditors, advised the receivers of the attitude of the local creditors, and in August, 1923, the receivers advised him that they would not seek to remove any assets from California without ample notice and upon a basis approved by the California creditors.

An attorney for the California creditors testified that throughout the series of meetings which were held to consider possible plans for reorganization by way of extension plans, the California creditors always insisted that they reserved their rights at all times to proceed against the assets in California, and that, if an attempt were made to remove the assets, steps immediately would be taken for the protection of the California creditors. In order that business operations might be continued in Los Angeles subsequent to the receivership, the bank agreed with Everett that it would not appropriate any further funds deposited with it by exercising its right of banker's lien. Of this the receivers were notified. That agreement, however, clearly pertained only to the lien given by the statutes of the state, and did not relate to the right of the bank or any other California creditor to proceed by attachment to enforce payment.

About September 1, 1923, in contemplation of possible reorganization of the affairs of the company, certain New York creditors, as a committee, wrote to all creditors urging deposit with the creditors' committee of their notes and claims. Afterwards, about November 19, 1923, a plan was proposed in which a two-year extension of all claims by the creditors was contemplated, claims to be subordinated to the receivers' obligations. On December 17, 1923, the court in New York, upon a petition of the receivers, decreed that all persons claiming to be creditors should file their claims with the receivers, and that those who failed to file before March 15, 1924, would be barred from any share of, in, or to the property of the Lucey Company. Thereafter a large number of California creditors, with claims aggregating $211,800, filed their claims with the receivers. The creditors' committee continued its efforts to effect a satisfactory extension plan, and on March 6, 1924, the receivers obtained an order of the District Court in New York to show cause why the proposed plan should not be approved, the receivers discharged and the assets of the company returned to it. Between December, 1923, and March, 1924, certain California creditors filed notices of their claims, aggregating less than $6,000, with the reorganization committee. In April, 1924, Rosetti went to New York where he advised the committee that the plan proposed was not acceptable, that he was not under the jurisdiction of the New York court, was not a participant in the action, and that he would not deposit the assignments of the California claims, all of which he then had in his possession. After some correspondence, the proposed plan of reorganization was abandoned, and the California creditors instituted suit.

[1] We are unable to uphold the contention that the effect of filing claims with the receivers made the creditors who filed parties to the New York proceedings and bound them by the decrees that had been made in such proceedings. No rule of estoppel should be applied against them. Zacher v. Fidelity, etc., Co., 106 F. 593, 45 C. C. A. 480. As creditors they were giving detailed information to the receivers, not of an insolvent company or to the committee of such a company, but of one whose assets would greatly exceed its liabilities. Cole v. Cunningham, 133 U. S. 107, 10 S. Ct. 269, 33 L. Ed. 538, is not applicable. That case affirmed the general proposition that foreign creditors, if they make themselves parties to proceedings under the insolvent laws of another state by accepting dividends or becoming petitioning creditors, or in some way appearing and assenting to the jurisdiction, are to be treated as having made an election. Zacher v. Fidelity, etc., Co., supra.

[2, 3] The several California creditors who assigned their claims to the reorganization committee did so for the purpose of enabling the committee to carry out a plan of reorganization in which plan part of the security consisted of claims in very large amounts against certain Texas and Tennessee plants. The security of such claims was surrendered by the receivers with the consent of the reorganization committee, but without the knowledge or approval of the depositing creditors. Moreover the reorganization plan was abandoned. Such creditors, therefore, had a right to withdraw their assignments to the committee and to regard them as no longer effective. The injunction in the order of the New York court

against the prosecution of attachment suits was not extraterritorial. Fowler v. Osgood, 141 F. 20, 72 C. C. A. 270, 4 L. R. A. (N. S.) 824. It was ineffectual as against claimants who were not parties to the proceedings in that jurisdiction.

[4] It is said that plaintiff as assignee had no right to institute an action for the recovery of the claims which represent money loaned by the bank to the defendant. The argument in behalf of the company is that Rosetti, cashier of the bank, had no power to assign the claim to this plaintiff, Morlan, and that he is not the real party in interest as contemplated by section 367 of the Code of Civil Procedure of California. It appears that the assignment of the claim of the bank was made by the president, Graves, to Rosetti, vice president, director, and cashier. Thereupon Rosetti, for collection purposes only, assigned the claim to this plaintiff, an employé of the bank. The assignment was after conference between Rosetti and the finance committee of the board of directors of the bank. It was made in the ordinary course of business such as officers of a bank frequently perform and we believe have authority to perform. People's Bank v. Manufacturers' National Bank, 101 U. S. 181, 25 L. Ed. 907; Bartlett Estate Co. v. Fraser, 11 Cal. App. 373, 105 P. 130.

[5] It is urged that, as Rosetti, on behalf of the bank, agreed to treat the defendant's bank balances as receivership funds, and assured the vice president of the company that he would not disturb any such funds, the bank account of the company was not subject to levy, nor is it applicable to the payment of the claim of the bank. Keeping in mind the fact that it was desirable that the business continue in Los Angeles, Everett, for the company, asked the bank for assurances that it would not continue to exercise its lien if the company would continue to deposit in its bank. Everett testified expressly that nothing was said about attachment and that the discussion was confined to the subject of the banker's lien. Rosetti also advised the receivers that he would not disturb any funds which might be deposited with the bank. That assurance obviously was that the bank would not seek priority by way of a banker's lien over other local creditors. The bank, however, never varied from the position taken by the California creditors, that the assets must be kept in California to the end that they might be subjected to such proceedings as might be brought by the California creditors to protect their interests. Moreover, that the receivers understood that there was no agreement not to attach is made clear by the letter of counsel for the receivers to Rosetti, dated May 13, 1924, wherein counsel wrote that he did not mean to assert in his previous letter the existence of an agreement on the part of the California creditors not to attach.

The views we have expressed lead us to conclude that the California creditors were within their rights when they assigned their claims to plaintiff, and that he had a right to bring action and attach.

The judgment is affirmed.