## MANHATTAN RUBBER MFG. CO. v. LUCEY MFG. CORPORATION.

District Court, S. D. New York. June 5, 1928.

1. Corporations ⚖══566(1)—Government's right to lien is not involved in claim of priority for taxes due from corporation on general assignment (31 USCA § 191; 26 USCA § 115).

Claim for priority on behalf of the government for taxes due from corporation on general assignment is purely statutory, and is made pursuant to Rev. St. § 3466 (31 USCA § 191), and matter of lien of government under Rev. St. § 3186 (26 USCA § 115; Comp. St. § 5908), is not involved.

2. Corporations ⚖══566(1)—Where only part of corporation's property passed to equity receivers there was no "general assignment," and government was not entitled to priority for taxes (31 USCA § 191).

Where part of corporation's property did not pass into hands of equity receivers as trust fund for distribution among creditors, but substantial part was attached in another state after appointment of receivers, and was there distributed, the transfer to the receivers was not equivalent to a "general assignment," within Rev. St. § 3466 (31 USCA § 191), and government was not entitled to priority of payment as to taxes due from corporation, but had status of general creditor.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, General Assignment.]

In Equity. Proceeding by the Manhattan Rubber Manufacturing Company against the Lucey Manufacturing Corporation, in which the defendant's receivers sought a decree denying priority to the United States for taxes. Decree denying government priority.

Rosenberg & Ball, of New York City (Godfrey Goldmark, of New York City, of counsel), for receivers.

Charles H. Tuttle, U. S. Atty., of New York City (Ernest Lappano, Asst. U. S. Atty., of New York City., of counsel), opposed.

WINSLOW, District Judge. This is a motion made by Charles E. Miller and Thomas H. Baskerville, as receivers of the Lucey Manufacturing Corporation, for a decree adjudging that the claims of the United States for taxes, in the sum of $87,185.27 and $736.92, are not entitled to priority of payment over the general creditors of the Lucey Manufacturing Corporation. Since the matter was argued and briefs submitted, a supplemental memorandum has been received from counsel for the government, together with an affidavit which purports to set up facts upon which a lien might be predicated by the government upon the specific property of the Lucey Manufacturing Corporation.

[1] The claim for priority on behalf of the government is purely statutory, and is made pursuant to section 3466, R. S. (section 191, title 31, U. S. C. [31 USCA § 191]). Until this supplemental brief and affidavit were presented, no question of lien was involved. The matter of lien might arise under the provisions of section 3186, R. S. (26 USCA § 115; Comp. St. § 5908). The question of lien, however, will not be passed upon in this motion to determine priority, or lack of it. The matter of lien should be a separate application. Questions of fact, as well as law, not determinable on the supplemental affidavit, are involved.

It is manifest that, if the equity receivers herein were appointed and became possessed of all of the property of the defendant upon its consent, and—upon its insolvency—such procedure was equivalent to a general assignment within the meaning of section 3466, R. S. All of the property of the Lucey Manufacturing Corporation in such event would have been surrendered as a trust fund for distribution to creditors, and accordingly the government would then be entitled to priority of payment. Price v. U. S., 269 U. S. 492, 46 S. Ct. 180, 70 L. Ed. 373.

[2] In the present instance, it is well

known to all of the parties, as well as to the court, that all of the property of the defendant did not pass into the hands of the equity receivers as a trust fund for distribution among all creditors. The fact is quite to the contrary. A very substantial portion of the assets of the corporation were in the state of California, and were there attached after the appointment of the equity receivers in the Southern district of New York. The assets in the state of California were applied to the satisfaction of claims of California creditors to the exclusion of others, except that the United States apparently received on account of taxes some payment thereunder. The result of this California situation is that only a part of the Lucey Manufacturing Corporation's property passed into the hands of the equity receivers here, and therefore the assignment was in effect less than all of the debtor's property, and, under the authority quoted, the government is not entitled to priority in this jurisdiction.

Every effort was made by the equity receivers in this jurisdiction to bring all of the assets of the defendant into their custody for distribution. Following the attachment in California by California creditors, the receivers applied to this court for an order directing the Lucey Manufacturing Corporation to file a voluntary petition in bankruptcy, or admit its inability to pay its debts, to the end that the Lucey Manufacturing Corporation might be adjudged a bankrupt, in which event proceedings could have been immediately instituted to vacate the California attachment as void under the Bankruptcy Law (11 USCA), and thus bring all of the property into the receivers' hands.

The District Court, notwithstanding the opposition of the Lucey Manufacturing Corporation, granted the motion for an order directing the Lucey Manufacturing Corporation to act in the premises, but the Circuit Court of Appeals (Manhattan Rubber Co. v. Lucey Manufacturing Co., 5 F.[2d] 39) reversed this court on the appeal of the Lucey Manufacturing Corporation. The result of this reversal was that the assets in the state of California, amounting to nearly $200,000, never came into the receivers' hands, but remained in California and were paid to California creditors, to the exclusion of all others. Other efforts on the part of the receivers to bring such California assets into the jurisdiction of this court for general distribution were fruitless. See Lucey Mfg. Corp. v. Morlan (C. C. A.) 14 F.(2d) 920.

The United States government, however, was successful in negotiating in California a partial payment and collection of its tax claims, as a result of which the government's claim here has been amended and reduced to the amount stated in the recital. All of the Lucey Manufacturing Corporation's property did not pass to a trust fund for equal distribution. Therefore the matter is not the equivalent of a general assignment.

A decree will be made, adjudging that in the proceeding in this district the government is a general creditor of the Lucey Manufacturing Corporation, and not entitled to priority.