[No. 2193, Nov. 21, 1918.]
[On Motion for Rehearing, July 8, 1919.]

# ELLIS et al. v. CITIZENS' NATIONAL BANK OF PORTALES.

## SYLLABUS BY THE COURT.

1. A contract of guaranty of the paper of a third person to which a national bank holds no title, and concerning which the contract of guaranty is not necessary or incidental to the transfer of title to the instrument, and the loan is for the benefit of a third person, is beyond the power of the bank, as conferred by the National Bank Act, is ultra vires, and no suit can be maintained upon any such guaranty, and in no case is the bank estopped from pleading ultra vires of such a contract.                                              P. 322

2. A national bank, however, has the power to borrow money, and to issue evidence of indebtedness therefor, and where a bank puts forward a third party as a borrower, and the bank guarantees the repayment of the loan, and all the proceeds of the loan go to the bank, and are converted to its own use, such contract of guaranty is not ultra vires, and suit can be maintained upon the contract.                          P. 323

3. On appeal, a party must present all questions in his original brief which he desires the court to consider, and he will not be permitted to present new points in a petition for rehearing.                                                    P. 327

Appeal from District Court, Roosevelt County; Richardson, Judge.

Action by John Ellis and William I. Shriver, joint administrators of the estate of George Ellis, deceased, against the Citizens' National Bank of Portales, New Mexico. Judgment for defendant dismissing the complaint and plaintiffs appeal. Reversed and remanded with direction to enter judgment for plaintiffs.

GEO. L. REESE and JAMES A. HALL, both of Portales, for appellant.

Plaintiff had action on written guarantee signed by president of defendant bank. Ellis v. Stone, 21 N. M. 730; People's Bank of Belleville v. Mfgs. National Bank, 101 U. S. 181; Davenport v. Stone, 53 Am. St. R. 471; Thomas v. City National Bank, 58 N. W. 944; Cochran v. U. S., 157 U. S. 297; Creditor's Claim & Adj. Co. v.

N. W. Loan & Trust Co., 142 Pac. 670; Appleton v. Citizens' etc. Bank, 190 N. Y. 417, 216 U. S. 196; Greenville etc. Bank v. Greenville Oil Co., 24 Tex. Civ. App. 645; 7 C. J. 744; Seeber v. Commercial etc. Bank, 77 Fed. 957.

President of bank had authority to make the guaranty and the contract is not ultra vires. Cherry v. Bank, 75 C. C. A. 343; People's Bank v. Banl, 101 U. S. 181.

The president of a national bank, by virtue .of his office, possesses the power to bind his bank by a contract of guaranty, especially where the proceeds of such transaction are retained by the bank. United States Nat. Bank v. First National Bank, 79 Fed. 296; Commercial National Bank v. Pirie, 82 Fed. 799; Palmer v. Bank, 78 Ill. 380; Hutchins v. Planters' Nat. Bank, 128 N. C. 72, 38 S. E. 252; Houghton v. First National Bank, 26 Wis. 663, 7 Am. Rep. 107; Seeber v. Commercial National Bank, 77 Fed. 957.

Bank is estopped from setting up or claiming that the making of the guaranty was an ultra vires act. Thompson on Corps., Sec. 5258; Zinc Car Co. v. Bank, 74 Am. St. R. 845; American National Bank v. National Wall Paper Co., 23 C. C. A. 33; Eastman v. Parkinson, 133 Wis. 375, 113 N. W. 649; G. V. B. Min. Co. v. First National Bank, 36 C. C. A. 633; The Union National Bank of St. Louis v. Matthews, 98 U. S. 626, 25 L. Ed. 188; Denver Fire Insurance Co. v. McClellan, 9 Colo. 11, 59 Am. Rep. 134; Sherman Center Town Co. v. Morris, 43 Kan. 282, 23 Pac. 569, 19 Am. St. Rep. 134; Dewer et al. v. Toledo A. A. & N. M. Ry. Co., 91 Mich. 351, 51 N. W. 1063; Erb v. Yoerg, 64 Minn. 463, 67 N. W. 355; Vaught v. Eastman Building & Loan Association, 172 N. Y. 508, 92 Am. St. Rep. 761.

REID, HERVEY & IDEN, of Roswell, and T. E. MEARS, of Portales, for appellee.

If the instrument is a guaranty it is ultra vires.

Hansford v. The National Bank (Ga.) 73 S. E. 405; Loughlin v. McCauley, 186 Pa. 517; First National Bank v. American National Bank, 173 Mo. 153; Commercial National Bank v. Pirie, 27 C. C. A., 171; 7 C. J., Sec. 798, and cases cited in note.

The federal cases, by an unbroken line of decisions, hold that it is well settled that a national bank is not estopped in any case from pleading its ultra vires by reason of the fact that the question comes up upon an executed contract.

94 Fed. 925; Cal. Nat. Bank v. Kennedy, 42 L. Ed. 198; Commercial National Bank et al. v. Pirie, 82 Fed. 799; 49 U. S. App. 596; First National Bank of Moscow v. American National Bank of Kansas City, Mo., 72 S. W. 1059; Citizens' etc. Bank v. Appleton, 190 N. Y. 417; Merchants Nat. Bank v. Baird, 160 Fed. 642; Bowen v. Needles etc. Bank, 94 Fed. 925; Fidelity & Deposit Co. v. National Bank (Tex.), 106 S. W. 782; Norton v. Derry National Bank, 61 N. H. 589; Citizens' Central Natl. Bank v. Appleton, 216 U. S. 196; Earling v. Emigh, 218 U. S. 27; Central P. Co. v. Pullman P. C. Co., 139 U. S. 24.

## OPINION OF THE COURT.

ROBERTS, J.   Only a brief statement of the facts in this case will be necessary, in view of the full statement made in the case of Ellis v. Stone, 21 N. M. 730, 158 Pac. 480, L. R. A. 1916F, 1228.   That cause of action was instituted against Lula Stone, executrix of the estate of James P. Stone, deceased, upon a guaranty of a loan made by Ellis to W. W. Humble.   The letter relied upon as constituting the guaranty is set out in full in the reported case.   It is there held that the letter constituted a guaranty, but further held that it was not the individual undertaking of Stone; consequently, it would necessarily follow that it was the undertaking of the bank.   This cause of action was instituted against the bank by the administrators of the estate of Ellis to recover on the guaranty.   The bank received all the benefits from the

loan, Humble getting no money, but simply receiving credit on the past-due note which he owed the bank.

The appellee bank answered the complaint, alleging that the guaranty was beyond the power of the bank and ultra vires, admitting that the complaint stated a cause of action in the alternative for money had and received, but as to this cause of action pleaded the statute of limitations. The court held that the suit could not be maintained upon the guaranty, and that as to the action for money had and received the statute of limitations had run. Judgment was entered for the appellee, dismissing the complaint.

If the suit can be maintained upon the written guaranty, concededly the statute has not run against the cause of action. On the other hand, if no cause of action is sustainable on the written guaranty, the statute has run against the action for money had and received. This, therefore, presents the only real question for determination in the case.

[1] On behalf of appellee it is contended that a contract of guaranty of the paper of a third person, to which a national bank holds no title, and concerning which the contract of guaranty is not necessary or incidental to the transfer of title to the instrument, is beyond the powers of the bank, as conferred by the National Banking Act (Act Cong. June 3, 1864, c. 106, 13 Stat. 99), is ultra vires, and no suit can be maintained upon any such guaranty, and that in no case is the bank estopped from pleading its ultra vires to any suit brought thereon. The section of the National Banking Act defining the powers of national banks is as follows:

"To exercise by its board of directors, or duly authorized officers or agents, subject to law, all such incidental powers as shall be necessary to carry on the business of banking; by discounting and negotiating promissory notes, drafts, bills of exchange, and other evidence of debt; by receiving deposits; by buying and selling exchange, coin and bullion; by loaning money on personal security; and by obtaining, issuing, and circulating notes according to the provisions of this title." Section 8 (1 U. S. Compiled Statutes, § 9661).

Many authorities are cited by appellee holding that a national bank has no power to guarantee the debt of another, and that its act in so doing is ultra vires, when such loan is for the benefit of a third person, and that the bank is not estopped from setting up the ultra vires character of the act, even though the contract has been executed on the part of the party receiving such guaranty. Bowen v. Needles National Bank, 94 Fed. 925, 36 C. C. A. 553; Commercial National Bank et al. v. Pirie, 82 Fed. 799, 27 C. C. A. 171, 49 U. S. App. 596; First National Bank of Moscow v. American National Bank of Kansas City, Mo., 173 Mo. 153, 72 S. W. 1059; California National Bank v. Kennedy, 167 U. S. 362, 17 Sup. Ct. 831, 42 L. Ed. 198; Merchants' Bank of Valdosta v. Baird, 160 Fed. 642, 90 C. C. A. 338, 17 L. R. A. (N. S.) 526; Fidelity & Deposit Co. v. National Bank, 448 Tex. Civ. App. 301, 106 S. W. 782; Norton v. Derry National Bank, 61 N. H. 589, 60 Am. Rep. 334; Citizens' Central National Bank v. Appleton, 216 U. S. 196, 30 Sup. Ct. 364, 54 L. Ed. 443; Rankin v. Emigh, 218 U. S. 27, 30 Sup. Ct. 672, 54 L. Ed. 915.

It is beyond question that the cases referred to sustain the contention of appellee, and many other cases might be cited to the same effect, but these cases do not reach the point involved in this case, and are distinguishable in this: In all these cases the bank did not receive the proceeds obtained in the transaction in which the guaranty was given. Consequently, a national bank being precluded from loaning its credit to another, its attempt to do so is beyond its power.

[2] That a national bank has the power to borrow money is not questioned, and is liable in an action for money so borrowed, whatever may be the nature of the obligation given for the loan. The question always is, "Was it a loan to the bank and did it receive the benefits?"

In the present case all the benefits of the transaction accrued to the bank. Stripped of form, the transaction

was simply this: The bank was hard pressed for money. Humble owed it past-due obligations which he was unable to meet. It put him forward as a borrower for the purpose of procuring money, and gave a written guaranty for the repayment of the loan to be made to Humble. The proceeds of the loan were all received by the bank and converted to its use. Under such circumstances we think, beyond question, that the contract was not ultra vires, and that the bank is liable on the same. The case of People's Bank of Belleville v. Manufacturers' National Bank of Chicago, 101 U. S. 181, 25 L. Ed. 907, while not exactly on all fours with the present case, clearly demonstrates, in our judgment, the liability of the bank on the guaranty in question here. The only difference between the two cases being that in the People's Bank of Belleville ·v. Manufacturers' National Bank of Chicago the notes in question passed through the bank. The court said:

"A few remarks will suffice to give our view of the law touching the rights of the ·parties.

"The National Banking Act (13 Stat. at L. 99; R. S. § 5136 [U. S. Comp. St. § 9961]) gives to every bank created under it the right 'to exercise by its board of directors, or duly authorized agents, all such incidental powers as shall be necessary to carry on the business of banking, by discounting and negotiating promissory notes, drafts, bills of exchange, and other evidences of debt, by receiving deposits,' etc. Nothing in the act explains or qualifies the terms italicized. To hand over with an indorsement and guaranty is one of the commonest modes of transferring the securities named. Undoubtedly, a bank might indorse, 'waiving demand and notice,' and would be bound accordingly. A guaranty is a less onerous and stringent contract than that. created by such an indorsement. We see no reason to doubt that, under the circumstances of this case, it was competent for the defendant to give the guaranty here in question. It is to be presumed the vice president had rightfully the power he assumed to exercise, and the defendant is estopped to deny it. Where one of two innocent parties must suffer for the wrongful act of a third, he who gave the power to do the wrong must bear the burden of the consequences.

"The doctrine of ultra vires has no application in cases like this. Merch. Bk. v. St. Bk., 10 Wall. (77 U. S.) 604 (19 L. Ed. 1008).

"All parties engaged in the transaction and the privies were agents of the defendant. If there were any defect of authority on their part, the retention and enjoyment of the proceeds

of the transaction by their principal constituted an ac-
quiescence as effectual as would have been the most formal
authorization in advance, or the most formal ratification
afterwards. These facts conclude the defendant from resist-
ing the demand of the plaintiff. Whart. Ag. § 89; Big., Estop.
423; R. R. Co. v. Howard, 7 Wall [74 U. S.] 392 [19 L. Ed.
117]; Kelsey v. Bk., 69 Pa. 426; Steamboat Co. v. McCutchen,
13 Pa. 13. A different result would be a reproach to our jur-
isprudence.

"Whether, if the guaranty were void, the fund received by
the defendant as its consideration moving from the plaintiff
could be recovered back in this action upon the common count
is a point which we do not find it necessary to consider. See
 U. S. v. Bk., 96 U. S. 33 [24 L. Ed. 647]."

Other cases following and approving the rule are Dav-
enport v. Stone, 104 Mich. 527, 62 N. W. 722, 53 Am. St.
Rep. 467; Auten v. U. S. National Bank, 174 U. S. 148,
19 Sup. Ct. 628, 43 L. Ed. 920; Thomas v. City National
Bank of Hastings, 40 Neb. 505, 58 N. W. 943, 24 L. R. A.
263; Cochran v. U. S. 157, U. S. 297, 15 Sup. Ct. 628, 39
L. Ed. 704; Creditors' Claim & Adjustment Co. v.
Northwestern Loan & Trust Co., 81 Wash. 247, 142 Pac.
670. The case of Appleton v. Citizens' Central National
Bank, 190 N. Y. 417, 83 N. E. 470, 32 L. R. A. (N. S.)
543, Id., 216 U. S. 196, 30 Sup. Ct. 364, 54 L. Ed. 443, is
very instructive.

It is true in this case the Supreme Court of the
United States sustained a recovery upon the theory of
money had and received, but the guaranteeing bank did
not receive all the proceeds of the loan, and a recovery
was allowed to the extent of the money which went to the
credit of the bank. The court refused to pass upon the
question as to whether the suit could have been main-
tained upon the contract. The Court of Appeals of New
York used this significant language:

"The plaintiff has been defeated on the theory that the ex-
ecution of the guaranty by the defendant bank was ultra vires,
and not binding upon it; and upon this ground the judgments
below are sought to be sustained. Had the guaranty been
limited to the amount which the bank, under its agreement
with Samuel, was to receive out of the loan, we should be en-
tirely clear that it was within the legitimate powers of the
bank under the decisions of the Supreme Court of the United
States, in People's Bank v. Manufacturers' Nat. Bank, 101 U.

S. 181, 25 L. Ed. 907; Cochran v. United States, 157 U. S. 286, 15 Sup. Ct. 628, 39 L. Ed. 704. It was there held that a contract of guaranty of paper held by it was within the implied powers of a national bank, and this though, as in the later of the cases cited, the note was not made to the guaranteeing bank, but directly to the order of another bank to which the guaranty was made. We think, however, that the defendant's power to guarantee was limited by the extent of its interest in the subject-matter of the guaranty. To allow a bank to guarantee the payment by one of its debtors of a larger sum, in order that the bank might receive or retrieve a lesser sum, would be to permit it to enter upon every hazardous speculation, and authorize very wild and unsafe banking. The learned counsel for the appellant frankly conceded on the argument that a recovery should be limited to the amount received by the defendant. It is insisted, however, that the contract of guaranty must be deemed either good or bad as an entirety, and cannot be upheld in part and rejected in part. I am not willing to concede this claim; but it is unnecessary to discuss it, for its determination is not necessary to the decision of the case."

A very instructive note follows the case of Creditors' Claim, etc., Co. v. Northwestern Loan, etc., Co., Ann. Cas. 1916D, p. 551.

For the reasons stated, we conclude that the contract of guaranty was not ultra vires, and this suit could be maintained thereon. This being true, it follows that the trial court was in error in holding that the action could only be maintained for money had and received, and that the statute of limitations had run against the same. The judgment of the district court will therefore be reversed, and the cause remanded, with instructions to enter judgment for the appellant for the amount found to be due; and it is so ordered.

HANNA, C. J., and PARKER, J., concur.

On Motion for Rehearing.

ROBERTS, J. Appellee has filed a motion for rehearing in which he contends: First, that the opinion of this court is contrary to the decisions of the federal courts construing the National Bank Act. As to this proposition it is sufficient to say that we are satisfied with the original opinion.

The second proposition urged is that the evidence in the record as to whether appellant relied upon the guaranty of the bank is conflicting; that the court made no finding upon this proposition, but as judgment was entered for appellee, it is to be presumed that this question was resolved against appellant, and that by reason of the record the decision by this court is in conflict with the case of Dailey v. Foster, 17 N. M. 654, 134 Pac. 206, to the effect that in case of special findings silence upon a material point must be regarded as a finding against the party having the burden of proof. Appellee, however, is precluded from raising this contention on rehearing. In its original brief, it presented but three questions for the consideration of the court, which were stated as follows:

First, the instrument in question is not a guaranty; second, the instrument, if a guaranty of the bank, is ultra vires; third, the statute of limitations has barred any action by the plaintiff for money had and received.

[3] The uniform rule in appellate courts is that a party must present all questions in his original brief, which he desires the court to consider, and he will not be permitted to present new points in a petition for rehearing. Elliott on Appellate Procedure, § 557.

In the case of Literary Society v. Garcia, 18 N. M. 318, 136 Pac. 858, this court refused to consider on rehearing the question as to whether appellants waived their objection to the amended complaint by filing an answer to it because the point had not been raised on the first hearing of the case.

In the case of Dow v. Irwin, 21 N. M. 576, 157 Pac. 490, L. R. A. 1916E, 1153, appellee attempted to raise a new question in his motion for a rehearing. The court said:

"In civil cases it is a well-recognized rule that questions not advanced on the original hearing will not be considered on the petition for a rehearing."

In the case of State v. Williams, 22 N. M. 337, 161 Pac. 334, and State v. McKnight, 21 N. M. 14, 153 Pac. 76, it was held that the appellant could not raise on motion for rehearing new questions not presented in his original brief.

. In 4 C. J. p. 633, it is said:

"The mere fact that the court has overlooked certain point presented by the record is not sufficient to authorize a rehearing, however, unless it further appears that its attention was called to the point in question by the briefs or arguments of counsel."

In the original opinion filed in this case there certainly is no legal principle enunciated which conflicts in any way with the case of Dailey v. Foster. Appellee brings forward for consideration a portion of the record not called to the attention of the court in its original brief, and asks the court at this time to consider this question and to deny the relief awarded appellant. Under all the authorities the question is not available on rehearing.

For the reasons stated, the motion for rehearing will be denied; and it is so ordered.

PARKER, C. J., concurs.

RAYNOLDS, J., being absent, did not participate.

---

[No. 2265, May 8, 1919.]
[Rehearing Denied July 31, 1919.]
## STATE v. MARTINEZ.