89 P.2d 607

**LEA COUNTY WATER CO. v. REEVES.**

No. 4428.

Supreme Court of New Mexico.

March 21, 1939.

Rehearing Denied April 25, 1939.

John R. Brand and J. O. Walton, both of Hobbs, for appellant.

T. A. Whelan and Vincent M. Vesely, both of Lovington, for appellee.

BICKLEY, Chief Justice.

The Commissioner of Public Lands of the State of New Mexico granted to appellant (plaintiff below) a right of way for a pipe line across certain grazing lands in Lea County. Amos Reeves, defendant below, owned leases "for grazing purposes only" upon the land over which the ap-

pellant was granted the right of way. When appellant attempted to go upon the land in question to begin construction of the pipe line upon the right of way, Amos Reeves prevented appellant from going upon the land unless certain demands for damages were met. Appellant brought suit asking that the court issue its temporary order restraining the defendant from preventing it from going upon such land to make surveys, dig ditches, string pipe and do all other things necessary and incident to the enjoyment of its rights under such easement, and that after due notice given defendant, such restraining order be made perpetual. Defendant answered denying that appellant was entitled to a right of way across certain described lands, but admitted that it was entitled to a right of way across certain other described lands; and admitted that he had prevented appellant from going upon the land unless certain damages were paid, but alleged that the demand was not unreasonable. In his answer by way of new matter defendant alleged that he owned four grazing leases from the State of New Mexico; that two of said leases contain an express reservation to the Commissioner of Public Lands to grant rights of way and easements across the land embraced in the leases for pipe lines, but that there is no such reservation contained in the other two leases and that the Commissioner of Public Lands had no right to grant to appellant a right of way across the lands embraced in the two leases, which were silent on the matter of reservations. De-

fendant alleges damage by reason of the laying of such pipe line under the temporary restraining order 'at twenty-five cents per rod. Appellant replied denying that the Commissioner of Public Lands did not have a right to grant the right of way and easement.

Upon a hearing, the court ordered the restraining order continued, and directed that the question of damages be submitted to a jury, the jury to act in an advisory capacity to the court. The jury returned a verdict for appellee in the sum of $450. The court adopted the verdict of the jury. Appellant moved for a new trial, which was denied, and judgment was entered, from which this appeal was taken.

Subsequent to the entry of judgment, the defendant Amos Reeves died, and the case was revived against the administratrix of his estate, who is appellee here.

Sec. 132-154, N.M.S.A.1929, is as follows: "The commissioner may grant rights of way and easements over, upon or across state lands for public highways, railroads, tramways, telegraph, telephone and power lines, irrigation works, mining, logging and for other purposes, upon payment by the grantee or grantees of the price fixed by the commissioner, which shall not be less than the minimum price for the lands, used, as fixed by law."

Sec. 132-156, N.M.S.A.1929, is as follows: "In all leases of state lands for grazing or agricultural purposes there shall be inserted a clause reserving the right to execute leases for mining pur-

poses thereon, or for the extraction of petroleum, natural gas, salt, or other deposit therefrom, and the right to sell or dispose of any other natural surface products of such lands other than grazing, agricultural or horticultural products; *also a clause reserving the right to grant rights of way and easements for any of the purposes mentioned in section 5231 (132-154)."* (Emphasis ours.)

This statute was in effect at the time the grazing leases owned by defendant were executed by the Commissioner of Public Lands. Being the law of the state, this reservation became part of the lease at the time of its execution. See State v. Vesely, 40 N.M. 19, 52 P.2d 1090; Hough v. Porter, 51 Or. 318, 95 P. 732, 98 P. 1083, 102 P. 728; Roma Oil Co. v. Long, 68 Okl. 267, 173 P. 957. The defendant, therefore, held his grazing leases subject to the reservation or exception of the state to grant rights of way for the purposes and upon the terms set forth in the statute, and the interest of the defendant in the lands described in his lease is charged with the easement and servitude created by virtue of the statute.

█ The grant by the state to appellant of a right of way across the leased lands of defendant gave to appellant a right so to use the same as to effect the purpose for which the right of way was granted, subject to any restriction imposed upon the grantee of the easement by the grantor. See 17 Am.Jur., Easements, § 96. See, also, Dyer v. Compere, 41 N.M. 716, 73 P.2d 1356.

█ The deed of right of way and easement between the Commissioner of Public Lands and appellant granted "a right of way and easement for the purpose of laying, constructing, reconstructing, replacing, renewing, maintaining and operating a pipe line for the transportation of gas, petroleum or any of its products, water or other substances, or either thereof, and as incident thereto the right to erect and maintain, operate, change, renew, and reconstruct a telephone and telegraph line, or either of them, as may be necessary in connection with use of said pipe line, together with the right of ingress and egress on, over and through the following described land in the County of Lea, State of New Mexico," subject to the following condition, among others: "It is therefore understood that the State of New Mexico, its lessees, permittees and assigns shall be permitted to use and enjoy the said premises except as the same may be necessary for the purpose herein granted; that the said party of the second part, its successors and assigns, hereby agree carefully to avoid destruction or injury to any improvements or livestock, lawfully upon said premises, carefully to close all gates immediately upon passing through such gates, and pay the reasonable and just damage for such injury or destruction, if any, arising from laying, maintaining, operating and removing said pipe line."

Under the grant as above, coupled with the conditions quoted, the appellant had a right paramount to the right of the owner of the lease to the extent of carrying out the object and purpose of the right of way, subject only to the condition that it use such right reasonably and "carefully avoid destruction to improvements and livestock lawfully upon said premises." 17 Am.Jur., Easements, § 96; and see Dyer v. Compere, supra. Until appellant in its exercise of such right damaged the improvements or livestock of the lessee, or exercised his right in an unreasonable manner to the detriment of the lessee, he had no claim for damages.

 A careful search of the record discloses no detrimental use of the premises of lessee except such as was naturally incident to digging a ditch and laying a pipe line. No injury to livestock was shown, nor destruction of improvements, and the evidence shows that if there was any injury to fences it was unsubstantial and nominal merely.

The district court was of the opinion that the jury should advise him of the amount of damage the construction of the pipe line would do "to the grass and the leases."

So far as the grass is concerned the defendant's testimony is directed almost entirely to the loss of grass on the right of way. Since the enjoyment by defendant of this grass was by sufferance merely, subject to the deprivation thereof by the exercise of reserved rights of way, it is diffi-cult to understand how the loss thereof is actionable. There was some testimony adduced by defendant of a vague nature that the defendant's "ranch" was damaged in a considerable sum by the existence of the pipe line. The defendant being asked his opinion as to the amount of damage to his *ranch* by the construction of the pipe line, answered:

"Well, sir, if it had been left up to me, if they had offered me a thousand dollars to put that road through there, I would rather not have it than the thousand dollars, because there is this road, there is always dust you see, it will keep dust on that grass and everything, that is the trouble about a road. * * *

"Q. State to the jury just what amount you consider you have been damaged by the construction of this pipe line through your pasture? A. How much have I been damaged up to date? Well, I don't know how to get at that. I wouldn't have it in there for a thousand dollars and be aggravated and bothered with it.

"Q. Do you say then your damages have been $1,000 by reason of that being put there? A. Yes, sir; I think so, this ranch is damaged a thousand dollars by that pipe line."

Testimony of other witnesses was of a similar nature to the effect that the defendant would be better off in the operation of his livestock ranch by a thousand dollars, etc.

We think the defendant presented and the court adopted a wrong theory. We

may assume that the lease of appellee, as most leases of large tracts of land for grazing purposes, would be more valuable if it were not traversed by a right of way "for public highways, railroads, tramways, telegraph, telephone and power lines, irrigation works, mining, logging and for other purposes." But it cannot be doubted that a person contracting for the grazing lease has the right to obtain it upon terms which give him no right of immunity from such disadvantages as may attend the existence of such rights of way through his pasture. If the lessee obtains a lease upon terms which embody a disadvantage, he is bound by his bargain. If he would secure such immunity from detriment to his lease, he might ordinarily get it by paying for such immunity. He could not get a grazing lease from the state free of exception or reservation of right of way because the legislature has declared a policy that such leases shall contain exceptions or reservations of rights of way for certain purposes.

It is suggested that one consideration for this policy of the law is reflected in the comparative income from the two sources. For example, the total number of acres in the right of way is 57.19 acres and the state charged plaintiff for it at $5 per acre, which brings in $285.95; 57.19 acres at the grazing rental of 3 cents per acre per year brings in each year $1.72. The annual interest on the sum received for the right of way at six per cent is nearly ten times as much as the yearly rental on the amount of land involved in the right of way.

We believe, however, that this is not the basis of the law's policy of excepting or reserving rights of way for the purposes mentioned in the statute. The paramount purpose is to establish avenues of communication and transportation in order to promote the development of the state's resources and provide for the general prosperity and welfare. The contrast of money returns argues more in support of the view that the rental for grazing purposes is small than that the compensation for the grant of rights of way is large. The comparison, however, affords support to the suggestion that one of the reasons the grazing rentals are low is that the area embraced in the grazing leases is already or may hereafter be subjected to the burdens of the easements enumerated.

What is it that has been done by the appellant that there was not granted to him a right to do? Nothing that we can see. There is no claim that appellant has misused the grant to it. If the defendant has been damaged it is not by the appellant. The damage of which defendant complains flows from the reservation itself which he accepted when he obtained his grazing lease. We think there is merit to the contention that he was compensated for such damage by the terms of his lease. If the damage done were of a character not contemplated by the reservation which is a part of every grazing lease, we might have a different case. It is difficult

to imagine that it was not contemplated by the defendant when he accepted his grazing lease that the exercise of the privilege reserved to lay a pipe line would result other than in some temporary displacement of grass. The right of a lessee of state lands for grazing purposes is not absolute, but relative, controlled and limited by the provision for reasonable enjoyment by him who has the right to exercise the reserved right of way for pipe lines and similar purposes. The defendant received and holds his grazing leases subject to the reasonable exercise of the rights bestowed upon the appellant by their common grantor. See Ide v. United States, 263 U.S. 497, 44 S.Ct. 182, 68 L.Ed. 407. If the appellant, owner of the right of way, having paid the state for it, must also pay this defendant for the privilege of exercising it, we see no reason why appellant may not be called upon by successive holders of these grazing leases to pay them also. It is readily to be seen that if this were the law, the value of the rights of way would be destroyed and the state's policy in promoting the employment thereof would be defeated.

We conclude therefore that the court erred in holding that defendant was entitled to damages, and the judgment of the court awarding damages is reversed, and the cause remanded with directions to discharge the supersedeas bond and otherwise proceed consistently with the views herein expressed, and it is so ordered.

BRICE, ZINN, SADLER, and MABRY, JJ., concur.

On Motion for Rehearing.

BICKLEY, Chief Justice.

We have carefully considered the motion for rehearing, waiving the defect that said motion is not supported by a separate brief—such argument as there is being incorporated in the motion. We find that the motion is without merit and should be denied.

The first thing to be noted is that the movant does not challenge the correctness of the controlling principles set forth in the opinion and has not a word to say in criticism thereof.

His complaint is that the opinion is contrary to the theory adopted by both the plaintiff and defendant and the lower court which tried the cause. If this were true, it would present a situation of considerable gravity. But the movant is mistaken.

The only thing in the motion which causes us any concern is the statement in paragraph 6 of the motion as follows: "That in the lower court the plaintiff admitted liability and it was largely upon this admission and agreement by the appellant that the amount of damages would be determined by the jury that the tempo-

rary injunction was continued against the appellee, and at no time throughout the trial of this case did the appellant object to the theory presented by appellee and adopted by the court, and the only objection raised by the motion to set aside the verdict being that the verdict rendered by the jury was excessive and was not substantiated by competent evidence for damages in excess of Fifty Dollars ($50.-00)."

Of course, all we have to go by is the record. We do not find anything in the record to support the assertion in the motion that there was an "admission and agreement of appellant" that it was liable for any damages.

To the contrary, plaintiff denied liability.

It will be helpful in appraising the situation to give here a brief re-statement of the case. Plaintiff, the Lea County Water Company, being the grantee of a right of way 30 feet wide through lands which the defendant had leased from the state, brought suit for an injunction to restrain defendant from interfering with the exercise of the privileges accorded to it under the grant of the right of way, stating in the complaint that the defendant Reeves had demanded a large sum of money from the plaintiff, and that it could not enter upon the land and that defendant would prevent it from doing so unless his demands were met. This was followed by the allegation: "That defendants de-mands are unreasonable and extortionate, *and made without any right on his part.*" (Emphasis ours.) This is a clear denial of any liability. The defendant filed an answer which challenged the right of the plaintiff to an injunction but these challenges need not be considered because the court decided in plaintiff's favor as to such matters and the defendant did not cross-appeal or otherwise present for review any decisions of the trial court against him. There was contained in the answer further matter under the caption "Answer By Way of New Matter." This we take it is the cause of action asserted by the defendant upon which he sought to recover damages. The third paragraph contains the following: "That as a result of the temporary restraining order entered in this cause, the plaintiff has entered upon the property of the defendant, torn up the surface and laid pipe; that a reasonable value of such injury and damage is 25¢ per rod."

The plaintiff filed a reply, the material portion of which is as follows: "Plaintiff denies that the act of plaintiff in laying, operating and maintaining such pipe line will cause irreparable injury to the defendant; denies that such action on its part will cause him *any injury or damage.*" (Emphasis ours.) And further: "It denies that it has damaged defendant as is alleged in Paragraph Three of the Answer By Way of New Matter in the sum of .25¢ per rod *or in any sum.*" (Emphasis ours.)

So far as the record shows, the plaintiff never abandoned these disclaimers of li-

ability or its denial that defendant was damaged to *any* extent.

We do not overlook the recital of the court reporter at the conclusion of the evidence: "The Court thereupon instructed the jury orally, by agreement, of the parties as follows:" This we take it is a recital of a waiver of the requirement that instructions shall be in writing "unless written instructions be waived by the parties." We do not attach any further significance to it.

But it has been suggested off the record that the attorney for the plaintiff admitted liability in open court and consented to instruction on measure of damages and that an additional bill of exceptions or certificate of the district judge would so show.

It is readily discernible from the brief in chief of appellant (plaintiff below) that it admitted that it was liable to the defendant in damages if the evidence was sufficient to establish that plaintiff "in laying, maintaining, operating and removing said pipe line" caused "injury to any improvements or livestock lawfully upon said premises" (of defendant). It is also apparently conceded that it would have been liable to defendant for damages flowing from "negligent or willful destruction" of any kind in addition to injury to "improvements or livestock", but it asserts that no such issue was presented.

If defendant entertained the view that plaintiff had made admissions in the course of the trial which served to expand the liability referred to in the last foregoing paragraph it was his duty to call our attention to it in his answer brief, and if so advised suggest certiorari for diminution of the record.

The certificate of the district judge in settling the bill of exceptions recites that plaintiff gave due and proper notice of the bill of exceptions to be settled, signed and sealed, and "there being no objections thereto on the part of the defendant in this cause" it was therefore settled as containing "all the record. * * *" etc.

It is also to be noticed that as the case was tried the defendant resisted the application of the plaintiff for an injunction and prayed: "That plaintiff take nothing by his complaint and that the temporary Restraining Order entered in this cause be vacated, set aside and held for naught; that judgment be entered for the defendant and against the plaintiff for the costs of this action and such other and further relief as to the Court may seem equitable and just; or in the alternative to grant the defendant damages in the reasonable amount of 25¢ per rod *for the right of way* and such other and further relief as to this Court may seem equitable and just." (Emphasis ours.)

Thus it appears that defendant was virtually a plaintiff by way of cross-action under its "Answer By Way of New Matter." The case was tried by the court sitting without a jury in the ordinary sense, the court having said in the order con-

tinuing in force the order restraining the defendant from interfering with plaintiff's exercise of its right of way: "And that the issue of damages pleaded by defendant in his Cross-Complaint should be referred to a Jury, *such Jury to act in an advisory capacity.*" (Emphasis ours.)

It would seem that if defendant (plaintiff in the cross-complaint) prevailing on the damage issue desired to support the judgment with recitals that his adversary had admitted a liability not disclosed in its pleadings, he should have procured from the court such recitals, either in the jugment or in findings of fact or conclusions of law, as would establish such admissions. None such appear in the record.

With these several opportunities to challenge the sufficiency of the record to reflect the happenings at the trial thus presented to defendant and unavailed of, it seems too late on the motion for rehearing to become involved in an interpretation of the extent and meaning of remarks of counsel which do not appear in the bill of exceptions presented.

 It is frequently said that it is desirable that there be an end to litigation and that parties should not be encouraged or permitted to present their contentions piece-meal.

For the reasons stated, the motion for rehearing is denied, and it is so ordered.

ZINN, SADLER, and MABRY, JJ., concur.

BRICE, Justice (dissenting).

These grazing leases are made for five years and the lessee is required to pay in advance, either in cash or by deferred payments, for the full acreage and for the full term. It is not unreasonable that easements are granted by the State upon the condition named in the grant. In other words, the State has received from the grazing lessee payment in full (or its equivalent) for all the grass and grazing rights on and in the State's lands, and the State will not permit a subsequent grant to deprive him of it without just compensation.

It is said in the majority opinion: "* * Since the enjoyment by defendant of this grass was by sufferance merely, subject to the deprivation thereof by the exercise of reserved rights of way, it is difficult to understand how the loss thereof is actionable." Also: "* * * If the lessee obtains a lease upon terms which embody a disadvantage, he is bound by his bargain. If he would secure such immunity from detriment to his lease, he might ordinarily get it by paying for such immunity."

The State reserved the right to grant easements for pipe lines, it is true; and could have done so without conditions. But it could make its own terms and conditions, which an applicant for an easement must accept to secure it. The State elected to make the condition that appellant should pay to the State's tenant any damage proximately resulting from lay-

ing, maintaining, operating and removing the pipe line. The language is plain, the meaning clear, and the requirement just. The appellee was entitled to compensatory damages. The motion for a rehearing should be sustained.