487 P.2d 493

STATE of New Mexico, Plaintiff-Appellee,

v.

John Wesley PAUL, Defendant-Appellant.

No. 565.

Court of Appeals of New Mexico.

July 9, 1971.

Jack L. Love, John V. Coan, Albuquerque, for appellant.

James A. Maloney, Atty. Gen., Santa Fe, Leila Andrews, Asst. Atty. Gen., for appellee.

## OPINION

HENDLEY, Judge.

On December 13, 1968, after a plea of guilty to burglary, defendant received a deferred sentence for a period of five years and placed on probation pursuant to a probation agreement signed by the defendant. On April 13, 1970 defendant was convicted of robbery while armed with a deadly weapon. On April 22, 1970 the district attorney filed a motion to have the defendant sentenced under the burglary charge on the grounds of the violation of the terms of the deferred sentence by reason of the April 13, 1970 conviction. Defendant's attorney on the same date filed a motion for a continuance. On April 23, 1970 the court held a hearing and found that defendant had violated the terms of his deferred sentence and accordingly granted the motion of the district attorney invoking the sentence one to five years and giving credit for the time spent on probation.

At oral argument defendant asked that we decide the appeal of the armed robbery before deciding this appeal. The armed robbery conviction, State v. Paul, (Ct.App.), 82 N.M. 619, 485 P.2d 375, decided April 2, 1971, was decided adversely to the defend-

ant; rehearing denied May 5, 1971 and cert. denied May 19, 1971, 82 N.M. 601, 485 P.2d 357.

Defendant asserts four points in this appeal which relate to (1) a motion for continuance, (2) who is the proper officer to institute revocation proceedings, (3) a jury trial on the question of identity and (4) finality of conviction of appeal.

We affirm.

## MOTION FOR CONTINUANCE.

■ Defendant contends a continuance should have been granted since he was facing prosecution under the Habitual Criminal Act. We do not discuss this contention because it is not sustained by the record. State v. Andrada, 82 N.M. 543, 484 P.2d 763 (Ct. App.1971). The issue is whether the trial court exercised its discretion, under the circumstances, in denying a motion for a continuance.

■ The granting or denying of a motion for continuance rests in the sound discretion of the court and unless such discretion is abused we will not reverse. State v. Ranne, 80 N.M. 188, 453 P.2d 209 (Ct. App.1969). The sole issue involved at the hearing before the trial court was whether or not, by the fact of his subsequent armed robbery conviction, defendant violated the terms of the deferred sentence. Consequently a motion for continuance of the hearing to enable counsel to be better prepared was properly denied since there was no claim that defendant had not been convicted of the crime of armed robbery. Compare Territory v. Price, 14 N.M. 262, 91 P. 733 (1907).

## WHO IS THE PROPER OFFICER TO INSTITUTE REVOCATION PROCEEDINGS.

■ It is defendant's contention that the district attorney has no authority to institute probation revocation proceedings, as the decision to invoke a deferred sentence is a discretionary matter vested in the probation officer. Defendant asserts that § 41–17–36, N.M.S.A.1953 (Repl.Vol.1964) delegates supervision of probationers to the director of probations and accordingly the director of probations is the only one that can properly institute probation revocation proceedings. Defendant asserts this on the grounds that not every violation of a probation will cause a revocation of probation and thus it is discretionary and the discretion must lie with the director of probations. In support of this contention, defendant points out that § 40A–29–20, N.M.S.A.1953 (Repl.Vol.1964), which specifically authorized district attorneys to seek the imposition of a deferred sentence, has been repealed. See Laws 1965, ch. 220, § 1.

Although the specific procedural authority of § 40A–29–20, supra, has been repealed, the district attorney still is the chief law officer of his district. He is empowered to " * * * [p]rosecute and defend for the state in all courts of record of the counties of his district all cases, criminal and civil, in which the state or any county in his district may be a party or may be interested;" § 17–1–11, N.M.S.A.1953 (Repl. Vol.1970). A violation of the conditions of a deferred sentence, by virtue of a subsequent felony conviction, is certainly within the concept of "prosecute * * * cases * * * in which the state * * * may be interested." Compare State ex rel. Ward v. Romero, 17 N.M. 88, 125 P. 617 (1912). Section 41–17–28.1, N.M.S.A.1953 (Repl. Vol.1964) does not limit the power of the district attorney to prosecute either expressly or by necessary implication.

## JURY TRIAL ON THE QUESTION OF IDENTITY.

■ Defendant contends that he was entitled to a jury trial in revocation proceedings but recognizes that the right to a jury trial is limited to the question of identity. State v. Holland, 78 N.M. 324, 431 P.2d 57 (1967); State v. Raines, 78 N.M. 579, 434 P.2d 698 (Ct.App.1967). Although defendant recognizes that Raines and Holland were revocations in suspended sentence cases he contends that State v. Brusenhan,

78 N.M. 764, 438 P.2d 174 (Ct.App.1968) contains language which would indicate that one is also entitled to a jury trial on the question of identity in a deferred sentence case.

We feel that the *Raines* case is dispositive of this issue when it stated:

"  *  *  * In such a determination the defendant is not entitled to a jury trial any more than upon the allocution at the time of the original sentence, except in case he pleads want of identity of himself and the person originally sentenced, a state of affairs rarely arising.  *  *  *"

Having failed to raise the question of want of identity defendant waives his right to a trial by jury on that issue. State v. Brusenhan, supra.

## FINALITY OF CONVICTION ON APPEAL.

It is defendant's contention that conviction of a crime, which has been appealed, may not be the basis for invoking a deferred sentence until the conviction has been affirmed on appeal. Defendant cites cases from Texas and North Carolina for the proposition that where the defendant has appealed from both the order invoking the deferred sentence and from the conviction, which was the basis of the order, the hearing on appeal of the order invoking sentence should be held in abeyance until the final determination of the conviction. Defendant also cites cases which hold that a conviction is not final until affirmed on appeal.

We do not consider whether a conviction is final pending outcome on appeal because the applicable rule is stated in State v. Guffey, 253 N.C. 43, 116 S.E.2d 148 (1960) and People v. Collins, 345 P.2d 484 (Cal. App.1959). Those cases indicate that when two appeals, as hereinabove stated, are taken, the appeal from the order invoking the deferred sentence should await the outcome of the appeal of the conviction.

The conviction of defendant of armed robbery having been affirmed, the invoca-tion of defendant's deferred sentence on the basis of the conviction is also affirmed.

It is so ordered.

WOOD, J., and DEE C. BLYTHE, District Judge, concur.