651 P.2d 111
**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Darrell Allen CURLEE,
Defendant-Appellant.**

No. 5574.

Court of Appeals of New Mexico.

Aug. 5, 1982.

Rehearing Denied Aug. 5, 1982.

Certiorari Denied Sept. 16, 1982.

---

Joseph K. Daly, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Marcia E. White, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WALTERS, Chief Judge.

 Defendant was convicted of second degree murder. The two issues raised in the docketing statement, lack of substantial evidence and denial of a directed verdict, are without merit. Although it was conflicting, the jury heard ample evidence to support its verdict. *See State v. King,* 90 N.M. 377, 563 P.2d 1170 (Ct.App. 1977). Since the evidence was sufficient to sustain conviction the motion for directed verdict was properly denied. *State v. Robinson,* 94 N.M. 693, 616 P.2d 406 (1980). Moreover, defendant offered evidence in his own defense and thus waived any basis for error in the court's denial of the motion. *State v. Quintana,* 86 N.M. 666, 526 P.2d 808 (Ct.App.1974). When defendant introduces evidence after denial of directed verdict, the entire record is reviewed for sufficiency—not just the evidence at the time the motion was made. *State v. Aranda,* 94 N.M. 784, 617 P.2d 173 (Ct.App.1980).

The above discussion would resolve this appeal were it not for a claim raised in the briefs which previously has been declared to be a jurisdictional issue that may be raised at any time. *State v. Gunzelman,* 85 N.M. 295, 512 P.2d 55 (1973). Defendant asserts that the trial court failed to give a correct instruction on the element of intent, and he is therefore entitled to a new trial.

It seems apparent that, through typographical error, the emphasized portion of the following U.J.I.Crim. 1.50, N.M.S.A. (1981 Cum.Supp.), on general criminal intent was omitted from the instruction:

> In addition to the other elements of (identify crime or crimes) the state must prove to your satisfaction beyond a reasonable doubt that the defendant acted intentionally *when he committed the crime. A person acts intentionally when he purposely does an act which the law declares to be a crime, even though he may not know that his act is unlawful. Whether the defendant acted intentionally* may be inferred from all of the surrounding circumstances, such as the manner in which he acts, the means used, [and] his conduct [and any statement made by him.]

The Use Note accompanying the Instruction directs that "[t]his instruction *must be used* with every crime *except for:* (1) the relatively few crimes not requiring criminal intent, and (2) *first degree murder.*" (Our emphasis.) *Id.*

The court instructed the jury on second degree murder and voluntary manslaughter, according to U.J.I.Crim. 2.10 and 2.20, N.M.S.A. (1981 Cum.Supp.). Instruction 2.20, according to its Use Note, must follow the second degree murder instruction. The Use Note for Instruction 2.10 (second degree murder) directs that the general intent instruction, U.J.I.Crim. 1.50, *must* be given when U.J.I.Crim. 2.20 is given. In summary: Instruction 2.10 (second degree murder) must be followed by Instruction 2.20 (voluntary manslaughter; lesser included offense); Instruction 2.20 must be accompanied by Instruction 1.50 (general intent). The trial court followed the directives of

the uniform criminal instructions but, in giving Instruction 1.50, it failed to do so correctly and accurately.

The effect of the missing language from U.J.I.Crim. 1.50, *supra,* is compounded, we think, by the fact that the jury was also instructed regarding justifiable homicide and self-defense (U.J.I.Crim. 41.41, N.M. S.A. (1981 Cum.Supp.)). In that context, the omission from Instruction 1.50 of the words "when he *purposely* does an act which the law declares to be a crime" would tend to reduce the excusability of an otherwise criminal act which the self-defense theory was intended to effect. See discussion of "purposely does an act" and "wilfullness" in *State v. Sheets,* 94 N.M. 356 at 366, 610 P.2d 760 at 770 (Ct.App.1980). More importantly, however, the omitted words are the meat of the instruction on general criminal intent. The jury was told it could consider the "surrounding circumstances" to determine whether defendant acted intentionally, but it was left in the dark regarding the legal meaning of "acts intentionally." The omission was not harmless. *See State v. Kendall,* 90 N.M. 236, 561 P.2d 935 (Ct.App.1977).

■ By Supreme Court order, the General Use Notes in both the 1981 Cum.Supp. of, and Judicial Pamphlet 19, Special Supplement to Uniform Jury Instructions—Criminal, provides, in part:

> When a uniform instruction is provided for the elements of a crime * * * the uniform instruction *must* be used without substantive modification or substitution. *In no event* may an elements instruction be altered * * *. (Our emphasis.)

The first line of U.J.I.Crim. 1.50, *supra,* tells us that general criminal intent is an additional element of all but a few crimes. The Use Note to Instruction 2.10 leaves no doubt that second degree murder and voluntary manslaughter are not among the excepted crimes, because it directs that the general intent instruction be given in those cases. Even though unintentional, the instruction on the element of general intent *was* altered. Inferior courts are bound to follow the directives of the Supreme Court

regarding the uniform instructions. *State v. Smith,* 92 N.M. 533, 591 P.2d 664 (1979). Orders of the Supreme Court are final. *State v. Sedillo,* 86 N.M. 382, 524 P.2d 998 (Ct.App.1974). Failure to give the unaltered U.J.I.Crim. 1.50 was reversible error.

Defendant's conviction is reversed and the case is remanded for a new trial.

IT IS SO ORDERED.

HENDLEY and DONNELLY, JJ., concur.

## ON MOTION FOR REHEARING

WALTERS, Chief Judge.

The State has moved for rehearing, bringing to our attention by an attached affidavit of the district attorney that the incorrect instruction was tendered by the defendant. While conceding that the record upon which the appeal was docketed, briefed and decided does not include requested instructions of the parties, the State nevertheless asks us to draw some conclusions from the affidavit and the difference in the kind of paper used for the erroneous instruction when compared with the paper used for the other instructions. We are urged to apply the rule that a defendant will not be heard to complain of an instruction which he requested. *State v. Mills,* 94 N.M. 17, 606 P.2d 1111 (Ct.App. 1980).

N.M.R.Crim.App.P. 602, N.M.S.A.1978, limits motions for rehearing to "points of law or fact which movant believes the court has overlooked or misapprehended." The motion "shall not contain argument." *Id.*

This court could neither overlook nor misapprehend a fact that did not appear in the record, the transcript, or the briefs. The issue of an erroneous instruction was squarely raised by defendant in his brief-in-chief; the State's answer brief met the issue head-on. The contention that the error in the instruction may be laid at defendant's feet was raised for the first time in the motion for rehearing.

New Mexico has repeatedly refused to consider matters outside the record in reaching a decision on appeal, holding that such matters present no issue for review. *State v. Smith,* 92 N.M. 533, 591 P.2d 664 (1979); *State v. Silver,* 83 N.M. 1, 487 P.2d 910 (Ct.App.1971); *State v. Paul,* 82 N.M. 791, 487 P.2d 493 (Ct.App.1971); *State v. Ford,* 81 N.M. 556, 469 P.2d 535 (Ct.App. 1970). The record on appeal is presumed to be accurate and is conclusive on the reviewing court. *State v. Lopez,* 80 N.M. 599, 458 P.2d 851 (Ct.App.1969). All of the instructions in the record—some on plain paper and some with red-lined margins; some on plain paper with two different type styles— are instructions given by the trial court. The requested, refused or withdrawn instructions were not included in the record. None are identified as having been requested by either party. A reviewing court will not go outside the record in a criminal case, *State v. Colvin,* 82 N.M. 287, 480 P.2d 401 (Ct.App.1971); it will not consider claims relying on information outside the record, *State v. Ford,* 81 N.M. 556, 469 P.2d 535 (Ct.App.1970).

Additionally, it has been an unwavering rule in this jurisdiction for almost seventy years that new points may not be presented in a petition for rehearing. *Dow v. Irwin,* 21 N.M. 576, 157 P. 490 (1916). *See also Weese v. Stoddard,* 63 N.M. 20, 312 P.2d 545 (1956); *Lea County Water Co. v. Reeves,* 43 N.M. 221, 89 P.2d 607 (1939); *In re White's Estate,* 41 N.M. 631, 73 P.2d 316 (1937); *Ellis v. Citizen's Nat. Bank,* 25 N.M. 319, 183 P. 34 (1919). As the court noted in *Reeves, supra,* when a petitioner for rehearing has had several opportunities to challenge the sufficiency of the record to reflect the happenings at trial and has not availed himself of those opportunities either at trial or during the course of the appeal, it is too late on the motion for rehearing to expect the reviewing court to become involved in considering a contention of fact not appearing in the record or transcript presented.

The motion for rehearing is denied.

HENDLEY, J., concurs.

DONNELLY, J., dissents.

DONNELLY, Judge (dissenting).

I respectfully dissent to the opinion issued on the motion for rehearing. While I agree with the majority opinion that the Uniform Criminal Jury Instruction given by the trial court did not follow the language of U.J.I.Crim. 1.50, the contention has been raised by appellee on motion for rehearing that it was the appellant who in fact proffered the exact form of instruction given by the court below. No response to this contention has been required of appellant although a response may be required under N.M.R.Crim.App. 602(a), N.M.S.A. 1978. While I agree with the well established rule that this court may not properly consider affidavits attached to briefs on appeal, review matters outside the record, or address matters not properly raised on the initial appeal, I would invoke this Court's authority under N.M.R.Crim.App.P. 206, to supplement the record in order to properly address the issue of whether the alleged error in the instructions was in fact caused or invited by defendant. *See State v. Edwards,* 54 N.M. 189, 217 P.2d 854 (1950); *State v. Mills,* 94 N.M. 17, 606 P.2d 1111 (Ct.App.1980). I believe the matter raised on the motion for rehearing is within the purview of the issues raised on the initial appeal. Moreover, although appellee has failed to move to supplement the record on appeal, neither has appellant been permitted to respond to the contention raised on rehearing, that appellant requested the instruction, nor has appellant shown that it voiced any objection to this instruction before it was given. *State v. Noble,* 90 N.M. 360, 563 P.2d 1153 (1977); *State v. Rodriguez,* 81 N.M. 503, 469 P.2d 148 (1970). If appellant in fact is shown to have led the trial court into error in the giving of the instruction in question, the case should not be reversed on appeal.

I would address this issue on the merits rather than deny the motion for rehearing.