**RIES BIOLOGICALS, INC.,**
**Plaintiff-Appellee,**

v.

**The BANK OF SANTA FE,**
**Defendant-Appellant.**

**No. 84 1074.**

United States Court of Appeals,
Tenth Circuit.

Jan. 7, 1986.

James G. Whitley, of Jones, Gallegos, Snead & Wertheim, P.A., Santa Fe, N.M. (Francis J. Mathew, of the same firm with him on brief), for defendant-appellant.

W. Anthony Sawtell, of Catron, Catron and Sawtell, P.A., Santa Fe, N.M., for plaintiff-appellee.

Before HOLLOWAY and SETH, Circuit Judges, and CROW, District Judge *.

CROW, District Judge.

This is an appeal by the defendant, the Bank of Santa Fe, from a judgment for the plaintiff, Ries Biologicals, Inc., based upon the bank's alleged oral guarantee of payment for supplies delivered by Ries to Dialysis Management Systems, Inc. The trial court awarded the plaintiff $20,276.69 plus interest in the amount of $6,632.96, and costs including attorneys fees.

Ries Biologicals is distributor of medical supplies. In 1979, Ries began selling supplies to Dialysis Management Systems, Inc. (DMS) a health care provider specializing in kidney dialysis, operating in New Mexico and adjacent states. DMS was experiencing financial problems quickly accumulating a debt to Ries Biologicals in the approximate amount of $42,000. Because of the size of this debt, in January of 1980 Ries refused to make further shipments to DMS except for cash on delivery. Sometime in the first quarter of 1980, Ries resumed shipments to DMS on credit. The trial court found that resumption of credit shipments resulted from Ries' reliance on the Bank's oral agreement to guarantee payment for orders which were approved in advance. From the time of the agreement until July 30, 1980, Ries made regular shipments to DMS based upon prior approval of the senior vice-president of the bank, Philip Levitt. During this time, the invoices were sent directly to Mr. Levitt at the bank.

Despite obtaining advance approval from the bank, Ries was not paid the full amount due for materials shipped under this arrangement. The trial court entered judgment in favor of Ries for the balance due and further found that the debt constituted an open account which, under New Mexico law, entitles Ries to recover attorney's fees.

On appeal, the Bank of Santa Fe contends that the claim of Ries Biologicals is barred by the statute of frauds, that the relationship between Ries Biologicals and the Bank of Santa Fe does not constitute an open account as a matter of law, that any oral guarantee of the debts of DMS by Philip Levitt is void as an *ultra vires* act, that the oral agreement was established by inadmissible hearsay, and that Ries Biologicals failed to adequately carry its burden of proving delivery and acceptance of the goods. For the reasons stated below, we affirm.

All of the bank's contentions on appeal depend, to some degree, on the trial court's assessment of the evidence presented. For this reason, we first consider whether the disputed evidence was appropriately received. The admission of evidence is largely a matter of discretion and we will not reverse the trial court's decision to admit evidence absent manifest error. *Big O Tire Dealer's v. Goodyear Tire & Rubber Co.*, 561 F.2d 1365 (10th Cir.1977) *cert. dismissed* 434 U.S. 1052, 98 S.Ct. 905, 54 L.Ed.2d 805 (1978).

The defendants contend that the trial court erroneously admitted testimony concerning Philip Levitt's oral, out-of-court statements guaranteeing payment for approved shipments and documents, primarily correspondence from Philip Levitt, which were offered in support of the existence of the oral guarantees.

■ The oral statements of Philip Levitt were expressly offered for a nonhearsay purpose. The relevance of Levitt's statements is not their truth or falsity, rather it is the fact the statements were made. The relevance of the statements depends, therefore, not on the credibility of the out-of-court declarant, Philip Levitt, but on that of the testifying witness. *See* J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 801(c)[01]. There was no manifest error in the admission of testimony concerning the oral statements of Philip Levitt.

■ The questioned documents are written statements of Philip Levitt which were

* Honorable Sam A. Crow, United States District Judge for the District of Kansas, sitting by desig- nation.

offered to establish the existence of guarantee arrangements with Ries Biologicals and other suppliers. There is no dispute that Philip Levitt was a senior vice-president of the defendant nor that he had substantial authority to manage the loans made to DMS. The documents are therefore not hearsay, as defined by the Federal Rules of Evidence and are admissible under Fed.R.Evid. 801(d)(2)(D). *See MCI Communications v. American Tel. & Tel. Co.,* 708 F.2d 1081 (7th Cir.1983) (affirming trial court's admission of an internal study made by senior officers of defendant, manifesting an intent to obstruct competition in violation of antitrust law) *cert. denied* 464 U.S. 891, 104 S.Ct. 234, 8 L.Ed.2d 226 (1983).

▮ The bank also contends that the evidence submitted to the trial court was insufficient to establish the goods in question were delivered and accepted. Findings of fact by the trial court will not be set aside unless they are clearly erroneous. This standard applies whether the findings are based on the testimony of witnesses or documentary evidence. Fed.R.Civ.P. 52(a); *see also Anderson v. City of Bessemer City,* —— U.S. ——, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). Employees of the plaintiff testified extensively of the methods for receiving and shipping orders to their customers including DMS. Defendant offered no rebuttal to this testimony. Accordingly, we conclude that there is substantial evidence in the record to support delivery and acceptance and that the trial court's findings are not clearly erroneous.

▮ The New Mexico statute of frauds does not bar plaintiff's recovery in this matter. Although, an oral agreement to guarantee the debts of a third party is not ordinarily enforceable, if the main object of the agreement is to serve pecuniary interests of the promisor, the statute of frauds will not apply. *Beacon Supply Co. v. American Fiber Corp.,* 75 N.M. 29, 35, 399 P.2d 927, 931 (1965) (rule stated but no benefit found for the promisor and statute of frauds enforced); *see Abraham v. H.V. Middleton, Inc.,* 279 F.2d 107 (10th Cir. 1960) (applying New Mexico law).

In this case, it is undisputed that DMS owed the bank in excess of $500,000 on notes guaranteed by the Small Business Administration. The trial court found an additional $120,000 owed to the bank for loans not guaranteed by the Small Business Administration. The trial court's finding was based upon a financial statement prepared by an accountant at about the time Mr. Levitt allegedly guaranteed payment for supplies purchased from Ries. No evidence was presented contrary to this financial statement and we cannot say the trial court committed clear error in relying upon it. Regardless, only ninety percent of the Small Business Administration loans were guaranteed, leaving a substantial loss for the bank if DMS was unable to repay the guaranteed amount.

▮ The trial court also found that Ries had relied upon the oral agreement and had fully performed under it. New Mexico has held that full performance by one side is sufficient to satisfy the statute of frauds. *Aragon v. Boyd,* 80 N.M. 14, 450 P.2d 614 (1969). Based upon the record, we agree that the statute of frauds is not applicable in this case.

▮ The bank may not avoid liability on the theory that the oral agreement of Philip Levitt violated the bank's statutory powers. The New Mexico Supreme Court has held that a bank may not avoid a guarantee as *ultra vires* where the transaction is for the bank's benefit in the furtherance of legitimate banking business. *Ellis v. Citizen's National Bank of Portales,* 25 N.M. 319, 183 P. 34 (1918).

The Bank of Santa Fe became very involved in the financial affairs of DMS. It appears beyond question that the bank's involvement was an effort to avoid the losses resulting from the failure of DMS. As counsel for the bank frankly admitted at oral argument, the bank would not have become so involved but for the incidental benefit to be received. Despite some factual differences, we are persuaded that the rationale of the *Ellis* case is applicable here. The bank became involved in the financial affairs of DMS in the furtherance

of its commercial lending program and cannot now be heard to say such involvement was *ultra vires*.

 The bank finally contends the trial court erred in classifying its relationship with Ries as an open account. Under New Mexico law an open account is one "based upon running or concurrent dealings between the parties which has not been closed, settled, or stated, and in which the inclusion of further dealings between the parties is contemplated." *Wolf and Klar Co. v. Garner*, 101 N.M. 116, 679 P.2d 258 (1984) (quoting *Heron v. Gaylor*, 46 N.M. 230, 126 P.2d 295 (1942)). There is substantial evidence in the record to support the finding that the relationship between Ries and the bank was an open account. At no point were the dealings between the parties closed, settled, or stated prior to the termination of the payment arrangement in July, 1980. The trial court's conclusion that the relationship between Ries and the bank was an open account is consistent with New Mexico law as stated in *Wolf and Klar Co. v. Garner*. Attorney fees were properly awarded.

The judgment of the trial court is affirmed.